761 P.2d 1055

PIMA COUNTY, a body politic by CITY OF TUCSON, an Arizona municipal corporation, in its capacity as agent for Pima County, Plaintiff/Appellant,

v.

MAYA CONSTRUCTION COMPANY, an Arizona corporation, Defendant/Appellee.

No. CV–87–0001–PR.

Supreme Court of Arizona, En Banc.

Sept. 13, 1988.

---

Frederick S. Dean, Tucson City Atty. by Loretta Humphrey, Louise B. Stratton, Asst. City Attys., Tucson, Lewis and Roca by Joseph McGarry, Susan M. Freeman and Alexandra M. Shafer, Phoenix, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by Christopher J. Roads ánd S. Thomas Chandler, Tucson, for defendant/appellee.

MOELLER, Justice.

## JURISDICTION

In 1983, Pima County, acting through its agent, the City of Tucson, entered into a public works contract with Maya Construction Company (Maya) for the construction of a wastewater treatment plant. Because of disputes which arose between the parties over amounts allegedly owed under the contract, both Pima County and Maya demanded arbitration pursuant to their contract's provisions. Maya contends that it was entitled to substantial additional monies under the contract for extras and changes, and Pima County contends that it was entitled to liquidated damages by reason of delay in completion.

Shortly before the arbitration proceedings were to begin, approximately eighteen months after the county had demanded arbitration and eleven months after Maya had demanded arbitration, Pima County filed this case in superior court. The county sought a judicial declaration permanently enjoining the arbitration proceedings. The county claimed that Maya was barred from proceeding with arbitration under the county claims statute, A.R.S. § 11–622, which requires that claims against counties be presented to the board of supervisors within six months "after the last item of the account accrues." The trial court denied the requested relief, and division two of the court of appeals affirmed the trial court's judgment in a split opinion. 158 Ariz. 147, 761 P.2d 1051. We granted review to resolve an issue of first impression in Arizona concerning the interplay between the public claims statutes and the arbitration statutes. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Rule 23, Ariz.R.Civ.App.P., 17B A.R.S.

## THE STATUTES

In the trial court, the county relied on A.R.S. §§ 11–622 and 11–630, which provide:

§ 11–622. *Demand; time limit for presentation of claim.*

A person having a claim against a county shall, within six months after the last item of the account accrues, present to the board of supervisors of the county against which the demand is held, a written itemized claim executed by him under penalties of perjury, stating minutely what the claim is for, specifying each item, the date and amount thereof, and stating that the claim and each item thereof is justly due. The board shall not consider a claim unless the demand therefor is presented within such time.

§ 11–630. *Action upon rejected or partially allowed demand.*

A. A claimant dissatisfied with the rejection of his demand, or with the amount allowed thereon, may sue the county therefor at any time within six months after final action of the board, but not afterward. . . .

In its opinion the court of appeals also noted that in 1984 the legislature enacted additional statutes relating to actions against "public entities." They provide:

§ 12–821. *Authorization of claim against public entity or public employee; definition.*

A.  Persons who have claims against a public entity or public employee shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D) within twelve months after the cause of action accrues. Any claim which is not filed within twelve months after the cause of action accrues is barred and no action may be maintained....

12–822.  *Service of summons; change of venue.*

A.  Service of summons in an action authorized in § 12–821 shall be made pursuant to Arizona Rules of Civil Procedure, Rule 4(D).

B.  In an action against this state upon written demand of the attorney general, made at or before the time of answering, served upon the opposing party and filed with the court where the action is pending, the place of trial of any such action shall be changed to Maricopa County.

Section 12–820(6) defines a "public entity" as "this state and any political subdivision of this state." The lower courts did not undertake to decide whether the 1984 statutes might apply to some or all of plaintiff's claims and neither do we.

The county claims statutes, A.R.S. §§ 11–622 and 11–630, date to territorial days. At the time of their original enactment, there were no arbitration statutes on the books, and arbitration was not an available alternative remedy. In 1962, Arizona adopted the Uniform Arbitration Act, A.R.S. §§ 12–1501—1518. That act authorized parties to agree in advance to submit contractual disputes to arbitration and provided the legal machinery to enforce such contractual obligations. The act does not refer to the preexisting county claims statutes.

In a continuing effort to expand the availability of arbitration as an alternative to litigation, the legislature, in 1971, authorized superior courts to require mandatory arbitration in certain types of cases by rule of court. A.R.S. § 12–133. Although various amendments since 1971 have generally expanded the availability of court-ordered arbitration, none of these amendments refer to the county claims statute or to any other claims statutes. In 1973, the legislature enacted A.R.S. § 12–1518, which provides:

In the discretion of any state agency, board or commission or any political subdivision of the state of Arizona, the services of the American Arbitration Association, or any other similar body, may be used as provided by this article. Any agreement to make use of arbitration shall be made either at the time of entering into a contract or by written mutual agreement at a subsequent time prior to the filing of any civil action.

This statute appears to be the first express legislative authorization for a county (and other public entities) to enter into an arbitration agreement. This statute is also totally silent with respect to the county claims statute. More recent legislation has mandated arbitration of disputes under some public works contracts for all claims under $100,000. A.R.S. § 12–1518(C). Again, there was no legislative attempt to correlate this mandatory arbitration statute with any public claims statute.

## PUBLIC POLICY OF THE STATUTES

The county claims statute, A.R.S. § 11–622, requires submission of a claim "within six months after the last item of the account accrues...." The original intent of the statute was to protect county boards of supervisors from having to defend stale claims on open accounts long after the applicable information may have passed from the knowledge of county officers, making it difficult or impossible to determine the validity of the individual items of account being claimed. *Cochise County v. Wilcox,* 14 Ariz. 234, 238, 127 P. 758, 760 (1912); *Apache County v. Barth,* 6 Ariz. 13, 30, 53 P. 187, 192 (1898), *rev'd on other grounds,* 177 U.S. 538, 20 S.Ct. 718, 44 L.Ed. 878 (1900). Another purpose of the claims statute "is to prevent the revenue of a county from being consumed in litigation by providing an opportunity for the county to discharge or amicably adjust an obligation before it is faced with the

costs of a lawsuit." *Norcor of America v. Southern Ariz. Int'l. Livestock Ass'n.*, 122 Ariz. 542, 543, 596 P.2d 377, 378 (App. 1979). Other purposes ascribed to the statutes are "to give the county prompt notice of the claim to enable the board of supervisors to investigate and inform themselves of its merits or demerits while evidence is still fresh and witnesses are available, to protect the county against imposition, and to provide a system which tends to prevent unscrupulous public officials from depleting the public treasury." *Id.* (Citations omitted).

The arbitration statutes, on the other hand, are expressions of public policy having a much broader scope and application than the claims statutes. They express Arizona's public policy that arbitration is a highly desirable method of resolving disputes not only between people who have agreed to arbitration but, in many cases, also to people who have not so agreed, such as in the case of court-ordered arbitration or in the case of mandatory arbitration imposed as a condition of participating in certain public works contracts. Clearly, public policy favors the available arbitration machinery as one method of dispute resolution. *Allstate Ins. Co. v. Cook*, 21 Ariz.App. 313, 315, 519 P.2d 66, 68 (1974). While not always achieved, the goal of arbitration is to make a final disposition of controversies in a speedier, less expensive manner than is available under normal litigation proceedings. *Goldsberry v. Hohn*, 120 Ariz. 40, 44, 583 P.2d 1360, 1364 (App. 1978).

## THE ISSUE AND ITS RESOLUTION

The issue presented in this case is whether the arbitration clause in the contract between the parties negates the application of the county claims statute. The parties and the lower courts have approached this case on the assumption that one or more claims statutes would apply to the claim sought to be arbitrated. Accordingly, we make the same assumption without deciding which, if any, claims statute would apply to this particular claim.

The issue presented is one of first impression in Arizona. Somewhat similar questions have been presented and resolved in a few other states, and each party claims support for its position in some of those other cases. Maya urges that cases from Wisconsin and Washington support its position. *See Madison v. Frank Lloyd Wright Found.*, 20 Wis.2d 361, 122 N.W.2d 409 (1963) (word "actions" in statute prohibiting maintenance of action against city without first presenting claim to council refers to suits at law and not to claim for arbitration); and *Thorgaard Plumbing & Heating Co. v. King County*, 71 Wash.2d 126, 426 P.2d 828 (1967) (the statute which requires filing of damage claims against counties within ninety days did not bar action initiated against county for confirmation of arbitration award more than ninety days after occurrence of the damage, but immediately after the award was made).

The county, on the other hand, urges that we adopt reasoning applied in cases from Idaho, New York and Texas. *See Bingham County Comm'n. v. Interstate Elec. Co.*, 105 Idaho 36, 665 P.2d 1046 (1983) (electrical contractor properly submitted his claim to arbitration following denial by county board of commissioners of its claim for damages); *Geneseo Cent. School v. Perfetto & Whalen Const.*, 53 N.Y.2d 306, 423 N.E.2d 1058, 441 N.Y.S.2d 229 (1981) (the court will not presume a waiver of the section of the education law requiring the filing of written verified notice merely because the parties' contract contains an arbitration clause—the parties must either affirmatively agree that the statutory notice clause is inapplicable, or, at least, set out detailed procedures which are plainly inconsistent with those contained in that section); *Board of Education v. Wager Const. Corp.*, 37 N.Y.2d 283, 333 N.E.2d 353, 372 N.Y.S.2d 45 (1975) (compliance with statute requiring presentation of claims to school board within three months after accrual of claim was condition precedent to arbitration of claims); *Brazoria County v. Knutson*, 142 Tex. 172, 176 S.W.2d 740 (1943) (proper for

parties to proceed to arbitration after compliance with claims statute).

Although the cases from other jurisdictions are helpful and informative, we note that each of them involves statutory schemes and language different than that involved in this case. Additionally, each involves a factual setting different from this case. In the final analysis, we must decide, under the Arizona statutory scheme, whether the inclusion of an arbitration clause negates the application of a claims statute. In making this determination, we are guided by certain well-established principles.

▆▆ First, repeal of statutes by implication is not favored in the law. In *State ex rel. Larson v. Farley,* 106 Ariz. 119, 471 P.2d 731 (1970), we held that if it is reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent; and, if statutes relate to the same subject and are thus *in pari materia,* they should be construed together with other related statutes as though they constituted one law. Unless a statute, from its language or effect, clearly requires the conclusion that the legislature must have intended it to supersede or impliedly repeal an earlier statute, courts will not presume such an intent. *State v. Jaastad,* 43 Ariz. 458, 32 P.2d 799 (1934). Also, when reconciling two or more statutes, courts should construe and interpret them, whenever possible, in such a way so as to give effect to all the statutes involved. *Ordway v. Pickrell,* 112 Ariz. 456, 543 P.2d 444 (1975); *State Land Dept. v. Tucson Rock & Sand Co.,* 107 Ariz. 74, 481 P.2d 867 (1971).

In considering the issue presented in this case, we recognize that there is no way to harmonize perfectly statutes which have made public policy statements on different subjects decades apart without reference to each other. For example, if we were to hold, as it appears the court of appeals did, that the arbitration clause causes the claims statute to fall out of the picture completely, we would be imputing a legislative intent into the arbitration statutes

which is unwarranted. The legislature did not, in fact, even consider the claims statute when it enacted the arbitration statutes. Moreover, such a holding might well deprive the county and other public entities of certain benefits of the claims statute which are not fully, if at all, supplied by the arbitration statutes.

Similarly, if we accept the county's argument that the claims statute is wholly unaffected by the arbitration clause and must be complied with even before proceeding to arbitration, we create highly undesirable anomalies. For example, a person having a claim against a county covered by the claims statute would be required to first submit the claim and make demand upon the public entity for payment even though his contract may require him to take other action first. Presentation of such a claim would probably result in its automatic rejection, because the county has already agreed to resolve the dispute only by arbitration and, clearly, a dispute exists in such an instance or the claim would have already been paid. A litigant could conceivably contend that submitting a claim under the claims statute constitutes a breach of the arbitration clause. We note further that if a claim is submitted and denied, suit must be brought within six months or the claim is barred. A.R.S. § 11–630. But the arbitration proceeding may not even be completed within the six-month period. These are but some of the practical problems we envision if a claimant is required to proceed simultaneously on two independent tracks.

Although readily recognizing that there is no perfect solution, we conclude that the case of *Fleming v. Pima County,* 141 Ariz. 149, 685 P.2d 1301 (1984), provides a highly instructive analog for the resolution of this case. In that case, a county employee alleged that he had been wrongfully terminated in violation of the merit system rules. He filed a grievance under the merit system rules and pursued that form of relief until it was determined that the relief requested was outside the scope of the merit system commission's jurisdiction. He also filed a civil lawsuit. There, as here, the

**156**

county argued that the claim was barred because the employee had not first presented the claim pursuant to A.R.S. § 11–622.

In *Fleming,* we discussed the policies underlying the claims statute as well as the public interest in resolving disputes according to the civil service merit system rules. We then stated that, assuming the claims statute applied to the employee's claim:

> [W]e hold that both the presently acknowledged and historical purposes of the statute, together with the public policy underlying the merit system are satisfied by holding that the claim of an employee who follows the county grievance system for review accrues at the time the grievance procedure has been finally terminated, so that a claim is timely under A.R.S. § 11–622 if filed within six months from that date.

*Id.* at 153, 685 P.2d at 1305.

We apply the *Fleming* rationale here. The legislature has determined that there are benefits to be gained from both the claims statutes and from the arbitration statutes. If the statutes are interpreted to the extent possible to give effect to both, the benefits of each are preserved. The benefits of arbitration, which both parties bargained for, are preserved by holding that the claims statute does not bar arbitration prior to presenting a claim. The benefits of the claims statute are also preserved by holding that an arbitrable claim does not accrue, for purposes of the claims statute, until an arbitration award has been made. We acknowledge that the presentation of a claim following arbitration may not provide the county with all the benefits of an earlier-submitted claim. However, even after an arbitration award has been made, there is probably a benefit to requiring the party to submit a claim to the county's highest governing body before the claimant may go to court to confirm or to litigate the award.

We therefore hold that if a claim is covered by a claims statute and also by an arbitration clause, the claimant need not comply with the claims statute before proceeding to arbitration. If the claimant is successful in obtaining an arbitration award on a covered claim, however, there must be compliance with the claims statute before the claimant may pursue the arbitration award in court.

### CONCLUSION AND DISPOSITION

Maya was not required to comply with the claims statutes prior to proceeding to arbitration. Accordingly, we affirm the judgment of the trial court. We vacate the opinion of the court of appeals. Upon compliance with Rule 21(c), Ariz.R.Civ.App.P., Maya will be awarded its attorney's fees and costs incurred in defense of the petition for review in this court.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.