3 P.3d 1007

**Leroy and Patricia STULCE, husband and wife, Philip and Darla Rider, husband and wife, Plaintiffs–Appellants,**

v.

**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, a body politic, Defendant–Appellee.**

No. 1 CA–CV 99–0024.

Court of Appeals of Arizona, Division 1, Department D.

Oct. 28, 1999.

Review Denied May 23, 2000.*

---

* Vice Chief Justice Jones recused himself and did not participate in the determination of this matter.

Law Office of Michael T. Middleton by Michael T. Middleton, Tempe, for Plaintiffs–Appellants.

Jennings, Strouss & Salmon by James M. Ackerman, Michael J. O'Connor, and Cynthia A. Coates, Phoenix, for Defendant–Appellee.

## OPINION

VOSS, Presiding Judge.

¶ 1 Plaintiffs appeal from the trial court's dismissal of their negligence suit against defendant (SRP) based on plaintiffs' failure to bring suit against a public entity [1] within one

---

1. Defendant SRP is a municipal corporation, and   is thus considered a "political subdivision of the

year. *See* Ariz.Rev.Stat. Ann. section (A.R.S. §) 12–821 (the statute of limitations). The primary issue on appeal is whether A.R.S. § 12–821.01(C) (the tolling provision) provides for the tolling of the statute of limitations period until the notice of claim procedure provided in A.R.S. § 12–821.01(A) (notice of claim statute) is exhausted, regardless when the cause of action otherwise accrues. We hold that the one year statute of limitations to sue a public entity is not tolled while the notice of claim is pending. We also hold that the cause of action does not accrue on the date the claim is denied by the public entity.

¶ 2 We also reject plaintiffs' constitutional arguments, conclude that their equitable tolling arguments were waived, and affirm the trial court's order of dismissal.

## STANDARD OF REVIEW

¶ 3 We review *de novo* the trial court's legal rulings on questions of both statutory interpretation and the constitutionality of a statute. *See Massey v. Bayless,* 187 Ariz. 72, 73, 927 P.2d 338, 339 (1996) (interpretation of statute); *Arizona Dep't of Public Safety v. Superior Court,* 190 Ariz. 490, 494, 949 P.2d 983, 987 (App.1997) (constitutional questions). On review of dismissal of a complaint, we assume as true the facts in the complaint, and we will not affirm unless plaintiffs are not entitled to relief under any interpretation of the alleged events. *See Fidelity Sec. Life Ins. Co. v. State Dep't of Ins.,* 191 Ariz. 222, 954 P.2d 580, 582 (1998).

## FACTS AND PROCEDURAL BACKGROUND

¶ 4 On March 16, 1997, plaintiffs Leroy Stulce and Philip Rider were performing electrical work at an AT & T facility in Mesa. According to the complaint, SRP, "acting through its employees, negligently energized a high voltage switch at a time when Plaintiffs' work assignment required said switch be and remain de-energized." As a result, a

state." Ariz. Const. art. 13, § 7. As such, it is defined as a "public entity," A.R.S. § 12–820(6), to which the one-year statute of limitations, A.R.S. § 12–821, and the notice of claim statute, A.R.S. § 12–821.01, apply.

short circuit caused a "dancing arc phenomena," which in turn caused a "plasma fireball" that seriously injured the plaintiffs.

¶ 5 On May 16, 1997, within 180 days of the injury, plaintiffs filed a notice of claim with SRP.[2] The claim was constructively denied by SRP's nonresponse on July 16, 1997, sixty days after it was filed. *See* A.R.S. § 12–821.01(E). Plaintiffs, believing they had one year from the denial of the notice of claim in which to sue, filed their complaint on July 8, 1998.

¶ 6 SRP moved to dismiss the complaint for failure to comply with the one-year statute of limitations, arguing that the cause of action accrued on the date of the injury, March 16, 1997, and that suit therefore was time-barred on March 16, 1998. Plaintiffs responded that their cause of action did not "accrue," for purposes of the running of the one year statute of limitations, until the constructive denial date on their notice of claim, July 16, 1997, pursuant to the tolling provision of A.R.S. § 12–821.01(C), and that their complaint therefore was timely filed on July 8, 1998. After considering the pleadings and oral argument on the motion, the trial court ruled, in pertinent part:

> Certainly, the cause of action accrual date for purposes of filing a notice of claim and for the running of the statute of limitations under A.R.S. § 12–821 should be on the same date to serve the overall statutory purpose of allowing public entities to resolve claims against them at the earliest possible date. Moreover, reading these two statutes together is the only way to achieve consistency. Thus, the statute of limitations started to run at the time of injury.

The trial court also reasoned that the notice of claim required by A.R.S. § 12–821.01(A) was not the type of "administrative claim" that was meant to toll the statute of limitations pursuant to A.R.S. § 12–821.01(C).

2. SRP has conceded the timeliness and sufficiency of the notice of claim.

¶7 Regarding the constitutional arguments raised in plaintiffs' response to the motion to dismiss, the trial court concluded that A.R.S. § 12–821.01(C) was not an impermissible special law and did not violate equal protection.

¶8 After the trial court dismissed the complaint as untimely filed, plaintiffs appealed.

## DISCUSSION

### 1. Statutory Interpretation

¶9 Plaintiffs ask us to construe the tolling provisions of A.R.S. § 12–821.01(C) to extend the statute of limitations in A.R.S. § 12–821 to run one year from the date of the constructive denial of their claim by SRP. We interpret statutes in the context of related provisions with the goal to achieve consistency among them. *See Prudential v. Estate of Rojo–Pacheco,* 192 Ariz. 139, 148, 962 P.2d 213, 222 (App.1997). Additionally, we give undefined terms their commonly accepted meaning. A.R.S. § 1–213. Finally, we look at the legislative intent and history of the statutory scheme to give purpose to all enacted provisions. *See Pima County by City of Tucson v. Maya Constr. Co.,* 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988).

¶10 The statute of limitations provides:

All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward.

A.R.S. § 12–821. Although "accrual" is not defined in this section, our courts have applied the common law "discovery rule" to interpret that term within statutes of limitations. *See, e.g., Anson v. American Motors Corp.,* 155 Ariz. 420, 424, 747 P.2d 581, 584 (App.1987) (accrual under two-year wrongful death statute of limitations). The discovery rule provides that a cause of action accrues when a plaintiff discovers or reasonably should have discovered the injury was caused by the defendant's negligent conduct. *See Kenyon v. Hammer,* 142 Ariz. 69, 73, 688 P.2d 961, 965 (1984). In this case, the parties agree that the accrual date under the discovery rule was the date of injury, March 16, 1997.

¶11 The notice of claim statute provides, in relevant part, for the following procedure when bringing suit against a public entity:

Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee *within one hundred eighty days after the cause of action accrues.* ... Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12–821.01(A) (emphasis added). "Accrual" is defined as follows:

For purposes of *this section,* a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage.

A.R.S. § 12–821.01(B) (emphasis added). The legislative history of this statute, added in 1994, indicates that its intent was to "reinsert the discovery rule" from a former version. 41st Ariz. Legis., Minutes of the Arizona House Judiciary Committee, March 24, 1994, at 6 (discussing S.B. 1284, adopted as Laws 1994, ch. 162, § 2). *See also, Young v. City of Scottsdale,* 193 Ariz. 110, 114, ¶18, 970 P.2d 942, 946 (App.1998). Thus, the apparent legislative attempt in adding subsection B to the claims statute was to provide for an "accrual" date for a notice of claim consistent with the "accrual" date established by common law for the statute of limitations.

¶12 In addition, however, the 1994 legislature also added a provision defining an alternative "accrual" date under certain specific circumstances:

*Notwithstanding subsection A* [the 180–day notice of claim requirement], any claim which must be submitted to a binding or nonbinding dispute resolution process or an administrative claims process or review process pursuant to a statute, ordinance, resolution, administrative or governmental rule or regulation, or contractual term shall not accrue for purposes of this section until all such procedures, processes or

remedies have been exhausted. *The time in which to give notice of a potential claim and to sue on the claim shall run from the date on which a final decision or notice of disposition is issued in an alternative dispute resolution procedure, administrative claim or review process....*

A.R.S. § 12–821.01(C) (emphasis added).

¶ 13 Plaintiffs' entire argument that they had one year to sue from denial of their notice of claim is premised on their contention that the tolling provision in subsection C applies to their notice of claim, which was timely filed pursuant to subsection A. This contention, however, ignores the prefatory phrase "[n]otwithstanding subsection A," and that the tolling refers to an "administrative claims process ... pursuant to *a* statute," rather than to *"this* statute." As the trial court correctly observed:

> If the legislature had intended subsection C to include the claims process in subsection A, it would have changed the language from "a statute" to "this statute" or would have added subsection A to its list of claims. Thus, subsection C must refer only to administrative claims other than those filed pursuant to subsection- A. Indeed, subsection C is intended to apply [to] alternative dispute resolution processes or administrative claims processes established by statute, regulation, contract and not simply filing a notice of claim with a public

entity that has the option of not taking any action on the claim.

¶ 14 Plaintiffs argue that this construction is erroneous because of this court's reference to the notice of claim procedure as "an administrative claim" in *Hollingsworth v. City of Phoenix,* 164 Ariz. 462, 464, 793 P.2d 1129, 1131 (App.1990). We reject this argument for two reasons. First, the issue in *Hollingsworth* was whether the claim letter in that case contained an adequate "sum certain" under a prior version of A.R.S. § 12–821, and not whether the notice of claim procedure constituted an "administrative claim process" as referenced by A.R.S. § 12–821.01(C). Second, *Hollingsworth* was decided in 1990, four years before enactment of A.R.S. § 12–821.01(C), and therefore cannot be considered authority in construing it.[3]

¶ 15 Furthermore, if we were to agree with plaintiffs that the tolling provision of subsection C applied to a notice of claim filed under subsection A, that interpretation would leave meaningless the accrual definition set forth in subsection B. Additionally, as SRP points out, such a construction would render the 180–day claim period in subsection A completely meaningless, by causing the "exception—for cases subject to ADR or administrative review—to apply in every case and swallow up the rest of the rule." We cannot conclude that the legislature intended this result.[4] *See Maya Constr. Co.,* 158 Ariz. at

---

3. For the same reason, we reject SRP's contention that this issue was decided by the following wording in another prior decision:

> We reject Owens' contention that his cause of action did not accrue until 60 days after the filing of his January 1990 claim. He relies on A.R.S. § 12–821, Arizona's notice of claim statute, which provides that a claimant has 12 months to provide public entities with a notice of claim. If the public entity fails to take action within 60 days, the claimant may consider the claim denied and file an action against the public entity in superior court. [Former] A.R.S. § 12–821. *Owens argues that the notice of claim statute tolls the applicable statute of limitations. However, A.R.S. § 12–821 does not contain a tolling provision and claims must be brought within the otherwise applicable period of limitations.*

*Owens v. City of Phoenix,* 180 Ariz. 402, 407 n. 6, 884 P.2d 1100, 1107 n. 6 (App.1994) (emphasis added, citation omitted). Although SRP correctly notes that the *Owens* decision was filed on

November 15, 1994, after the 1994 legislative addition of A.R.S. § 12–821.01, those provisions did not apply to the 1990 lawsuit in *Owens,* and this court clearly was not addressing the current wording of A.R.S. § 12–821.01(C). *See* A.R.S. § 12–821.01(F) ("This section shall apply to all causes of action which accrue on or after the effective date of this section").

4. Indeed, in former versions of the claims statute, when it intended to do so, the legislature has clearly articulated an accrual date based on denial of a claim:

> Persons having claims on contract or for negligence against the state, *which have been disallowed,* may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment.

Former A.R.S. § 12–821 (1956) (emphasis added); see also former A.R.S. § 12–822 (1956) (two year statute of limitations after "the cause of action accrues"). These provisions were re-

155, 761 P.2d at 1059 (when reconciling two statutory provisions, we must construe them to give effect to both).

¶ 16 Our interpretation is also in accord with the reasoning of prior judicial decisions that now have been codified by the enactment of the tolling provision of subsection C. *See Fleming v. Pima County,* 141 Ariz. 149, 153, 685 P.2d 1301, 1305 (1984) (a "claim" under the county claims statute, A.R.S. § 11–622, did not "accrue" until the county merit system grievance procedure had been exhausted); *Maya Constr. Co.,* 158 Ariz. at 155–56, 761 P.2d at 1059–60 (applying *Fleming* by analogy, holding that a claim covered by both a claims statute and an arbitration clause does not "accrue" until the arbitration award issues). These cases recognized the tension between the purposes of alternative dispute resolution procedures and the time limits of claims statutes, and concluded that, in order to preserve the public policies inherent in both, the "accrual" of a claim should not occur until the alternative dispute resolution procedure was completed. *Id.* at 156, 761 P.2d at 1060. This was obviously the legislature's intent in codifying the tolling provision in subsection C. We find no inherent intent, however, to negate by inference the accrual definition in subsection B or the 180–day filing requirement in subsection A, or to extend the common law discovery rule that has been applied to A.R.S. § 12–821.

¶ 17 Based on the above, we construe the tolling provisions of A.R.S. § 12–821.01(C) to apply to alternative dispute resolutions or administrative claims and review processes other than the notice of claim procedure set forth in subsection A. Based on this construction, we agree with the trial court that plaintiffs' claims against SRP were not tolled while the notice of claim was pending, nor did their claim "accrue," for purposes of the statute of limitations, upon denial of the notice of claim. Under the discovery rule,

therefore, their suit was untimely filed and properly dismissed on that basis.

### 2. Constitutional Arguments

■ ¶ 18 In addressing plaintiff's alternative constitutional arguments, we start with the premises that statutes are presumed to be constitutional and that the party making the constitutional challenge bears the burden of demonstrating that it is unconstitutional. *Republic Inv. Fund I v. Town of Surprise,* 166 Ariz. 143, 148, 800 P.2d 1251, 1256 (1990) (presumption); *State v. Cameron,* 185 Ariz. 467, 469, 916 P.2d 1183, 1185 (App.1996) (burden).

### A. Vagueness

■ ¶ 19 Plaintiffs argue that A.R.S. § 12–821.01 is unconstitutionally vague and ambiguous because it fails to allow the meaning of the word "claim" to be "reasonably ascertained," and therefore denies due process. *See generally State v. Western,* 168 Ariz. 169, 171, 812 P.2d 987, 989 (1991). SRP responds that this argument was not raised in the trial court. We disagree. Plaintiffs' response to SRP's motion to dismiss clearly argued that the notice of claim statute is ambiguous because the term "administrative claim" is not defined, and because our prior *Hollingsworth* decision had categorized a notice of claim against a public entity as "an administrative claim."

¶ 20 We have already rejected the argument that the particular language quoted from *Hollingsworth* had any relevance to this issue. Applying the statutory construction principles that plaintiffs urge us to use to find an ambiguity, we have concluded that the prefatory wording "[n]otwithstanding subsection A," and the noninclusion of "this" statute among the claims to be tolled, clearly express legislative intent in subsection C to

---

pealed by Laws 1984, ch. 285, § 4. *See* A.R.S. § 12–821, Historical Notes (1999 electronic update).

Additionally, as plaintiffs point out, analogous federal claims statutes have explicitly provided that the applicable statute of limitations against the government does not run, in some circumstances, until after an agency claim is denied. *See, e.g.,* 28 U.S.C. § 2401(B) ("A tort claim

against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified mail, of notice of final denial of the claim by the agency to which it was presented"). However, A.R.S. § 12–821 and A.R.S. § 12–821.01 are not similarly worded.

toll only those administrative claims pursued under alternative dispute resolution procedures and grievance or review processes other than those set forth in subsection A. We therefore reject plaintiff's contention that the notice of claims statute is unconstitutionally vague.

### B. Special Law

¶ 21 In response to SRP's motion to dismiss, plaintiffs alternatively argued that the notice of claim statute constituted an unconstitutional "special law" regarding "limitation of civil actions," and violating Arizona Constitution, article 4, part 2, section 19(6). They assert that, if the tolling provisions are not applied to them as they are to other plaintiffs pursuing alternative dispute resolution processes, A.R.S. § 12–821.01(C) constitutes an impermissible special law.

¶ 22 Plaintiffs' argument fails to consider that, in the preceding section, the Arizona Constitution specifically provides the legislature with power to "direct by law in what manner and in what courts suits may be brought against the state." Ariz. Const. art. 4, § 18. This provision applies to suits against SRP, a municipal corporation, as a "subdivision of the State." Ariz. Const. art. 13, § 7. Thus, the Arizona Constitution specifically empowers the legislature to enact statutes of limitations and procedures that may treat lawsuits against the state differently from other lawsuits.

¶ 23 Our supreme court has developed a three-prong test to determine whether legislation constitutes a "special law." *Republic Inv. Fund I v. Town of Surprise,* 166 Ariz. 143, 800 P.2d 1251 (1990). First, we determine whether the provision that appears to benefit certain individuals over others bears a "rational relationship to a legitimate legislative purpose." *Id.* at 149, 800 P.2d at 1257. If it does, then we determine, second, "whether the classification encompasses all members of the relevant class;" and third, "whether the class is elastic, allowing members to move into and out of the class." *Id.; see also Phoenix Newspapers v. Purcell,* 187 Ariz. 74, 80–81, 927 P.2d 340, 346–47 (App.1996).

¶ 24 As to the first prong, plaintiffs argue that, under our interpretation of A.R.S. § 12–821.01, "administrative claims are treated differently depending on whether they were filed pursuant to Subsection A or some other unspecified statute encompassed by Subsection C." Our courts have already determined, however, that public policy favors both the limitations periods imposed by claims statutes as well as the resolution of disputes by alternative procedures that may avoid litigation. *See Maya Constr. Co.,* 158 Ariz. at 153–54, 761 P.2d at 1057–58. The legislature's imposition of a timely notice of claim requirement serves several permissible purposes: (1) to provide a public entity with an opportunity to settle a claim before being faced with a lawsuit; (2) to allow a public entity to investigate a claim while evidence and witnesses are still readily available; (3) to assist in budget preparations; and (4) to encourage repair of dangerous conditions or practices. *See, e.g., Norcor,* 122 Ariz. at 543, 596 P.2d at 378; *City of Tucson v. Fleischman,* 152 Ariz. 269, 272, 731 P.2d 634, 637 (App.1986). The "rational basis" for allowing alternative dispute resolution procedures to proceed before requiring a notice of claim is similar. For example, in acknowledging the rationale behind arbitration statutes, our supreme court has recognized:

> The arbitration statutes, on the other hand, are expressions of public policy having a much broader scope and application than the claims statutes. They express Arizona's public policy that arbitration is a highly desirable method of resolving disputes not only between people who have agreed to arbitration but, in many cases, also to people who have not so agreed, such as in the case of court-ordered arbitration or in the case of mandatory arbitration.... Clearly, public policy favors the available arbitration machinery as one method of dispute resolution.... While not always achieved, the goal of arbitration is to make a final disposition of controversies in a speedier, less expensive manner than is available under normal litigation proceedings.

*Maya Constr. Co.,* 158 Ariz. at 154, 761 P.2d at 1058. All these expressed intents constitute a rational basis to achieve a legit-

imate state objective, in our opinion, that justifies treating litigants who are required to file a prompt notice of claim pursuant to subsection A differently from litigants who are extended additional time pursuant to subsection C to pursue an alternative dispute resolution process or procedure before being required to file a similarly prompt notice of claim.

¶ 25 As to the second prong, plaintiffs contend that "the classifications provided in Subsection C fail to encompass all members of the class of persons with administrative claims, let alone persons with lawsuits against the state." We do not understand this contention. Subsection C includes members of the class of plaintiffs with a claim against a public entity who can potentially resolve that claim either by exhausting an administrative procedure or by submitting to an alternative dispute resolution process or review process before they are required to file a notice of claim. All members of that class are included.

¶ 26 As to the third prong, plaintiffs argue that the classification is "both overly 'flexible' and completely 'unflexible'" because plaintiffs suing a public entity "will likely find out that they are members of a class after a lawsuit is filed, too late to 'move into and out of the class.'" We reject this argument as well. The statutory scheme begins with the premise that a timely notice of claim must be filed by all persons with claims against a public entity. When the cause of action accrues, however, depends on both the application of the discovery rule and the alternative resolution procedures or review processes available to a particular plaintiff. Once a cause of action "accrues"—whether on the date of the injury, the date of discovery of the defendant's negligence, or the date an alternative dispute resolution procedure is exhausted—each plaintiff is subjected to the same time requirements by both the notice of claim statute and the statute of limitations. In this way, the class of litigants is "elastic," in that it "admits entry of additional persons ... attaining the requisite characteristics," and also enables "others to exit the statute's coverage when they no longer have those characteristics." *Republic Inv. Fund I*, 166 Ariz. at 151, 800 P.2d at 1258. This elasticity

assures that the legislation was not passed to classify and benefit a "special" group. Under these principles, we conclude that the notice of claim statute tolling provision in subsection C does not constitute an unconstitutional "special law."

## C. Equal Protection

█ ¶ 27 Plaintiffs also argue on appeal that the notice of claim statute violates equal protection. SRP responds that this argument was not developed below and therefore is waived. We agree in principle. Plaintiffs' only reference to this issue in the trial court was the following:

Defendant's interpretation of the act also implicates Plaintiffs' rights under Arizona Constitution art. 2, § 4 and art. 2, § 13, as well as the comparable due process and equal protection clauses in the Fourteenth Amendment to the United States Constitution incorporated to the states by the Fifth Amendment.

¶ 28 We find this an inadequate argument, devoid of authority or reasoning, to preserve the issue on appeal. *See Norcor of America v. Southern Arizona Intern. Livestock Ass'n*, 122 Ariz. 542, 544, 596 P.2d 377, 379 (App. 1979) (general rule that questions not raised in the lower court will not be considered by the appellate court is applicable to constitutional questions). Although the trial court summarily concluded that the tolling provision did not violate equal protection, we note that the court did so only in the context of addressing the rational basis analysis inherent in plaintiffs' "special law" argument, and relied only on cases that have since been depublished.

¶ 29 In any event, plaintiffs' appellate briefs assert their equal protection argument merely as a rewording of their ambiguity argument, or as intertwined with their "special law" argument, both addressed above. On the merits, plaintiffs do not argue that they are within a suspect class or that a fundamental right has been limited; they argue only that no rational basis exists for the legislature to apply the tolling provision to certain litigants and not to others. *See generally Purcell*, 927 P.2d at 344 (address-

ing the "two-tier analysis" for categorizing classifications challenged on grounds of equal protection).

¶ 30 We have already found a rational basis related to a legitimate governmental purpose for the tolling provisions of A.R.S. § 12–821.01(C) in our above analysis of the special law issue. In the exercise of our discretion, we decline to address further, for the first time on appeal, any additional unbriefed issues that might arise in a more complex equal protection analysis. *See Fuenning v. Superior Court,* 139 Ariz. 590, 594, 680 P.2d 121, 125 (1983) (this court has discretionary authority not to consider the constitutional validity of a statute on grounds raised for the first time on appeal).

### 3. Equitable Tolling

¶ 31 Finally, plaintiffs make the additional alternative argument that the doctrine of equitable tolling should have precluded dismissal of their complaint as untimely filed, relying on *Hosogai v. Kadota,* 145 Ariz. 227, 231, 700 P.2d 1327, 1331 (1985). They contend that they were "excusably ignorant of the limitations period and the defendant would not be prejudiced by the late filing." *See Kyles v. Contractors/Engineers Supply, Inc.,* 190 Ariz. 403, 405, 949 P.2d 63, 65 (App.1997).

¶ 32 SRP again correctly points out that this issue was not raised in the trial court and is therefore waived. No request for equitable tolling or allegation of excusable neglect was made in plaintiffs' trial court pleadings. Even more crucial to our rejection of this argument is a complete lack of any evidence in the record to support the underlying facts necessary to establish the application of this doctrine. Plaintiffs allege that they filed their suit based on counsel's "understanding of the statute and the process by which Plaintiff's counsel calendared the deadline to file the complaint." They note that they mentioned these facts at the oral argument in the trial court on the motion to dismiss. However, no affidavit or other evidence of plaintiffs' reasonable conduct in filing suit has been presented. We have found similar circumstances insufficient to preserve an estoppel claim for appeal:

Plaintiffs neither argued estoppel nor excusable neglect in their written response to the City's motion.... Rather, plaintiffs first mentioned estoppel at oral argument on summary judgment and then briefed the issue when they moved for reconsideration of the trial court's adverse summary judgment ruling.

More significantly, as the City points out, plaintiffs have never submitted evidence on the issue of reliance, an essential element of any estoppel claim.... They make this unverified assertion only in briefing in this court. Thus, their allegation of estoppel, even if timely, was inadequately grounded in the evidence.

*Morgan v. City of Phoenix,* 162 Ariz. 581, 588, 785 P.2d 101, 108 (App.1989).

¶ 33 Furthermore, because we have concluded that the statutory provisions at issue here were not unconstitutionally vague or ambiguous, we fail to see how plaintiffs could establish, even on remand, that they acted reasonably in misunderstanding those provisions. This is not a case where plaintiffs were "lulled" or "misled" into an untimely filing by the actions of the defendant; rather, it is simply a case in which plaintiffs were aware of a claim they failed to pursue in a timely manner. Under these circumstances, equitable tolling simply does not apply. *See, e.g., Arizona Dep't of Water Resources v. Rail N Ranch Corp.,* 156 Ariz. 363, 364, 752 P.2d 16, 17 (App.1987).

### CONCLUSION

¶ 34 For the foregoing reasons, we affirm the trial court's order of dismissal.

CONCURRING: RUDOLPH J. GERBER, Judge, and JEFFERSON L. LANKFORD, Judge.