NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

KP VENTURES WELL DRILLING & PUMP COMPANY, LLC,
*Plaintiff/Appellant/Cross-Appellee,*

*v.*

MOHAVE COUNTY DEPARTMENT OF PROCUREMENT,
*Defendant/Appellee/Cross-Appellant.*

No. 1 CA-CV 23-0308
FILED 06-25-2024

———————————————

Appeal from the Superior Court in Mohave County
No. S8015CV202200962
The Honorable Steven C. Moss, Judge

**AFFIRMED IN PART; CROSS-APPEAL DISMISSED**

———————————————

COUNSEL

Davis Miles, PLLC, Tempe
By Bradley D. Weech, Marshall R. Hunt
*Counsel for Plaintiff/Appellant/Cross-Appellee*

Mohave County Attorney's Office, Kingman
By Ryan H. Esplin
*Counsel for Defendant/Appellee/Cross-Appellant*

Jones, Skelton & Hochuli P.L.C., Phoenix
By Michele Molinario, Justin M. Ackerman
*Counsel for Defendant/Appellee/Cross-Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

**T H U M M A**, Judge:

¶1          Plaintiff KP Ventures Well Drilling & Pump Company, LLC (KP Ventures) appeals from a judgment dismissing its claims against defendant Mohave County. Mohave County cross-appeals, arguing the superior court erred in denying the County's motion to dismiss on an alternative ground. For the reasons that follow, the judgment is affirmed, and the cross-appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

¶2          In January 2021, Mohave County entered into a detailed, written contract (Contract) with KP Ventures under which KP Ventures would drill and install a water well. That relationship did not go well and did not last long. In May 2021, after experiencing drilling issues, Mohave County and KP Ventures renegotiated the Contract, increasing the total contract price from $408,312.05 to $537,950.00. Mohave County paid a May 2021 invoice for $287,009.24. The well then collapsed. KP Ventures submitted invoices to Mohave County on June 25, 2021, and August 17, 2021, totaling $458,934.87. Those invoices remain unpaid and provide the basis for this litigation.

¶3          As indicated by the Mohave County Procurement Code (the Code), on October 19, 2021, KP Ventures sent a letter to the Mohave County Procurement Officer demanding payment of the June and August 2021 invoices or, in the alternative, a written explanation for why the invoices were not being paid. On November 29, 2021, the Procurement Officer issued a decision, declining to pay either invoice. The Procurement Officer stated (1) the failure was due to unsuitable work or materials, not to physical conditions, (2) the well was considered lost and abandoned given KP Ventures' actions and a new well was required, (3) KP Ventures had not fulfilled its contractual obligations and (4) Mohave County did not owe KP Ventures the $458,934.87 it demanded.

¶4            On December 3, 2021, KP Ventures appealed the November 29, 2021, Procurement Officer decision to the Procurement Director. The Procurement Director elected for the dispute to go to mediation, one of the three permissible dispute resolution options available under the Code. The parties were then unable to resolve the dispute through mediation. On July 8, 2022, the Procurement Director issued a "Final Decision of Procurement Director," affirming the Procurement Officer's November 29, 2021, decision.

¶5            On July 29, 2022, KP Ventures submitted to Mohave County an unsigned letter purporting to be a notice of claim under Ariz. Rev. Stat. (A.R.S.) § 12-821.01 (2024).[1] On August 5, 2022, KP Ventures filed this case in superior court. As amended on October 12, 2022, the complaint sought a judgment that Mohave County breached its contractual obligations (Count 1), that Mohave County was unjustly enriched (Count 2) and that, if the issue was subject to Arizona's Administrative Review Act, a request for judicial review pursuant to A.R.S. § 12-901 (Count 3). On November 29, 2022, KP Ventures sent Mohave County another letter purporting to be a notice of claim under A.R.S. § 12-821.01.[2]

¶6            Mohave County moved to dismiss Counts 1 and 2 for failure to state a claim. *See* Ariz. R. Civ. P. 12(b)(6). Mohave County argued, among other things, that KP Ventures failed to timely submit a valid notice of claim under A.R.S. §§ 11-622 and 12-821.01. After full briefing, the superior court granted the motion to dismiss. Although rejecting Mohave County's claim that A.R.S. § 12-821.01 barred KP Ventures' claims, the court granted the motion given KP Ventures' failure to comply with A.R.S. § 11-622. Finding there was no tolling under A.R.S. § 11-622 and that strict compliance with the terms of the statute was required, but "strict compliance was not provided," the court concluded KP Ventures' "October 19, 2021, letter was woefully deficient" and failed to comply with A.R.S. § 11-622, and that KP Ventures did not otherwise comply with A.R.S. § 11-622.

---

[1] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

[2] On appeal, the parties reference a November 29 or 30, 2022 notice that the answering brief suggests was not received until December 16, 2022, a convention the reply brief continues. The specific date, given that it comes within six months of July 8, 2022, is not dispositive here for the reasons that follow.

¶7 After KP Ventures unsuccessfully moved for reconsideration and clarification as to Count 3, the court entered final judgment declaring that "[i]t is clear the requirements of A.R.S. § 11-622 were not fully met" and as to Count 3 "there is not an administrative decision to review." KP Ventures then timely appealed and Mohave County filed a putative cross-appeal. This court has jurisdiction over KP Ventures' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A) and -2101(A)(1).

## DISCUSSION

¶8 KP Ventures argues the superior court erred by (1) concluding that A.R.S. § 11-622 applies to their claims; (2) failing to find that Mohave County waived or is estopped from asserting a defense of failure to comply with A.R.S. § 11-622; (3) finding that, if A.R.S. § 11-622 does apply, it failed to comply with that statute; (4) considering matters outside the pleadings; (5) deciding issues of disputed fact and (6) dismissing KP Ventures' Count 3 seeking review under the Administrative Review Act.

¶9 This court reviews de novo the interpretation of a statute and the grant of a Rule 12(b)(6) motion to dismiss. *See Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012); *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., Inc.*, 177 Ariz. 526, 529 (1994). The court also reviews de novo whether a party's notice of claim complies with the requirements of a notice of claim statute. *See Jones v. Cochise Cnty.*, 218 Ariz. 372, 375 ¶ 7 (App. 2008). This court may affirm if the superior court's ruling is correct for any reason supported by the record. *Forszt v. Rodriguez*, 212 Ariz. 263, 265 ¶ 9 (App. 2006).

## I. Potentially Applicable Legal Authorities.

¶10 There are three legal authorities potentially applicable here: (1) the notice of claim statute; (2) the Contract and (3) the Code.

### A. The Notice of Claim Statute for Claims Against a County.

¶11 By statute,

> [a] person having a claim against a county shall present to the board of supervisors of the county against which the demand is held an itemized claim executed by the person under penalties of perjury, stating minutely what the claim is for, specifying each item, the date and amount of

each item and stating that the claim and each
item of the claim is justly due.

A.R.S. § 11-622(A). "The board of supervisors shall not pay any claim unless
demand for payment is made within six months after the last item of the
account accrues." A.R.S. § 11-622(C).[3] Because compliance with the statute
is a precondition to suing a public entity, the failure to properly submit a
timely demand containing the required information bars the claim. *See
Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527 ¶ 10 (2006); *Salerno
v. Espinoza*, 210 Ariz. 586, 589 ¶ 11 (App. 2005).

### B.    The Contract.

**¶12**        The Contract identifies, with specificity, the parties'
obligations. If a dispute arose, the Contract required KP Ventures to resolve
that dispute using the alternative dispute process in the Code. Section 24 of
the Contract states, "[a]ll claims and controversies regarding this Contract
are subject to the . . . Code and any applicable Arizona Revised Statutes."

### C.    The Code.

**¶13**        The Code contains "policies and procedures for the
acquisition of supplies" and applies to all County expenditures, including
the Contract here. Article IX of the Code contains a process for resolving
contract disputes, including specifying remedies. Specifically, the Code set
forth a five-stage process for obtaining a legal remedy.

**¶14**        *First*, Section 17 required that the claim be in writing, and
contain the contact information of the claimant, a detailed statement of the
legal and factual grounds of the claim, and the form of relief requested.
*Second*, under Section 19, if the claim could not be resolved by mutual
agreement, "the Procurement Officer, shall, upon a written request by the
contractor for a final decision, issue a written decision no more than sixty
(60) days after the request is filed." *Third*, if dissatisfied by the Procurement
Officer's decision, the contractor could appeal "within five days from the
date the decision is received." Such an appeal had to include a copy of the
Procurement Officer's decision and "the basis for the precise factual or legal
error in the decision." *Fourth*, if a contractor made a timely appeal from a
Procurement Officer's decision, the Procurement Director had three
mutually exclusive paths to select from. Under Section 21(3), the

---

[3] KP Ventures argues, among other things, that A.R.S. § 11-622 does not
apply and that, to the extent a notice of claim statute does apply, it is A.R.S.
§ 12-821.01; arguments addressed separately below.

Procurement Director, based on a determination of the County's best interest, may (A) assign the claim to a hearing in accordance with Article IX, Sec. 23 (Hearing); or (B) proceed to mediation services in accordance with Article IX, Sec. 24 (Mediation); or (C) proceed to arbitration in accordance with Article IX, Sec. 25 (Arbitration). *Fifth*, following either a Hearing, Mediation or Arbitration, the Procurement Director would issue a final decision.

¶15        KP Ventures and Mohave County engaged in the entire administrative review process set forth in the Code. The process took place between October 19, 2021, when KP Ventures submitted a letter to Mohave County for the unpaid invoices (the *First* step) and July 8, 2022, when Mohave County's Procurement Director issued a decision (the *Fifth* step).

**II.      KP Ventures Has Shown No Error in the Court Dismissing Its Claims.**

¶16        The primary issues in this appeal involve the applicability of A.R.S. § 11-622, when the accrual period started, and whether any of KP Ventures' purported notices of claim complied with applicable requirements for a notice of claim.

**A.      Section 11-622 Governs This Dispute.**

¶17        The applicable notice of claim statute governing this dispute is A.R.S. § 11-622. Despite KP Ventures citing A.R.S. § 12-821.01 in its letters to Mohave County and the County's citation to this statute in its motion to dismiss, A.R.S. § 12-821.01 does not apply here. Although A.R.S. § 12-821.01 applies to "claims against a public entity, public school or a public employee," A.R.S. § 11-622, applies to "a claim against a county," like KP Ventures' claim against Mohave County. As such, A.R.S. § 11-622, enacted in its current form in 1996 (Laws 1996, Ch. 42, § 1) is more recent and more specific (on the facts presented) than A.R.S. § 12-821.01, enacted in 1994, (Laws 1994, Ch. 162, § 2) and governs. Accordingly, A.R.S. § 11-622 governs, including to the extent the two statutes conflict. *See State v. Jones*, 235 Ariz. 501, 503 ¶ 8 (2014) ("When 'two conflicting statutes cannot operate contemporaneously, the more recent, specific statute governs over an older, more general statute.'") (quoting *UNUM Life Ins. Co. v. Craig*, 200 Ariz. 327, 333 ¶ 29 (2001)).

¶18        Nonetheless, on appeal, KP Ventures argues A.R.S. § 11-622 "does not apply." Citing *Pima County v. Maya Const. Co.*, 158 Ariz. 151, 152 (1988), KP Ventures argues that "Arizona precedent shows the inapplicability of A.R.S. § 11-622 when the parties' contract calls for

alternative dispute resolution procedures." *Maya*, however, does not hold that notice of claims statutes are inapplicable when parties agree to alternative dispute resolution. Nor has any case applied *Maya* for that proposition. Instead, in seeking to square the notice of claim statute in A.R.S. § 11-622 and Arizona's version of the Uniform Arbitration Act, codified at A.R.S. §§ 12-1501 to 1518 (and now Arizona's version of the Revised Uniform Arbitration Act codified at A.R.S. § 12-3001 to 3029), *Maya* held that "if a claim is covered by a claims statute and also by an arbitration clause, the claimant need not comply with the claims statute *before* proceeding to arbitration." 158 Ariz. at 156 (emphasis added). Thus, although perhaps delaying the accrual date for a notice of claim under A.R.S. § 11-622 when arbitration was required (or elected) under contract, *Maya* did not address the accrual date for a notice of claim under A.R.S. § 11-622 when a contract allows for mediation as an alternative dispute resolution path. Moreover, unlike *Maya*, there was no arbitration here. That factual difference means that this case does not present the need to attempt to rectify Arizona's notice of claim and arbitration statutes, an attempt that prompted *Maya* to "recognize that there is no way to harmonize perfectly" those statutes. 158 Ariz. at 155.

¶19    Nor is this court persuaded by KP Ventures' argument that either the Contract or the Code preclude application of A.R.S. § 11-622. Section 24 of the Contract plainly requires compliance with Arizona statutory law, stating "[a]ll claims and controversies regarding this Contract are subject to the Mohave County Procurement Code *and any applicable Arizona Revised Statutes*." (Emphasis added.) Nor does KP Ventures cite authority for the proposition that the Code (or any county procurement code) could trump the application of Arizona statutory law. KP Ventures' argument that the Contract or the Code precluded application of A.R.S. § 11-622 fails.

¶20    Noting the Code states that it is the "exclusive procedure for asserting a claim or cause of action against" the County for claims under the Contract, KP Ventures argues the County is "estopped from arguing that strict compliance with A.R.S. § 11-622 is required." But nothing in the record suggests the County avowed it would waive strict compliance; instead, in the Contract, the parties agreed that "[a]ll claims and controversies regarding this Contract are subject to . . . any applicable Arizona Revised Statutes" and that a party's failure to insist on "strict performance of any term or condition" or a party's delay on exercising a "right or remedy . . . will not be deemed a waiver to such rights or remedies." KP Ventures has shown no basis for its claimed estoppel to strict compliance of A.R.S. § 11-622.

7

**¶21** For these reasons, A.R.S. § 11-622 (not A.R.S. § 12-821.01) governs this dispute.

### III. Assuming, Without Deciding, That the Accrual Date Was July 8, 2022, KP Ventures Failed to Comply with A.R.S. § 11-622(A).

**¶22** A.R.S. § 11-622(A) details requirements for a notice of claim against a county and A.R.S. § 11-622(C) states a county "board of supervisors shall not pay any claims unless demand for payment is made within six months after the last item of the account accrues." The parties spend substantial effort disputing accrual and tolling under A.R.S. § 11-622, including KP Ventures' reliance on the textually different notice of claim provisions in A.R.S. § 12-821.01. This court, however, need not address those issues (and does not decide them here), given that KP Ventures never provided a notice of claim to Mohave County that complies with A.R.S. § 11-622(A). Assuming arguendo (but not deciding) that accrual occurred when the Procurement Department Director issued the July 8, 2022 decision, KP Ventures' claims are time barred.[4]

**¶23** Compliance with § 11-622(A) is "a 'mandatory' and 'essential' prerequisite" to KP Ventures' claims. *See Martineau v. Maricopa Cnty.*, 207 Ariz. 332, 334 ¶ 10 (2004) (quoting *Pritchard v. State*, 163 Ariz. 427, 432 (1990)). To comply with that statutory requirement, KP Ventures was required to (1) present an itemized claim to the board of supervisors, (2) that is executed under the penalties of perjury, (3) stating minutely what the claim is for, (4) specifying each item, the date, and amount of each item justly due and (5) within six months after the last time of the account accrued. *See* A.R.S. § 11-622(A); *see also* A.R.S. § 11-622(C) (six month requirement).

**¶24** None of KP Ventures' asserted notices of claim met these requirements. KP Ventures' October 19, 2021, notice invoking the Code's dispute resolution process did not purport to be a notice of claim under A.R.S. § 11-622(A) and was not signed under penalty of perjury. Similarly, KP Ventures' July 19, 2022, notice was unsigned and, thus, was not signed under penalty of perjury. And KP Ventures' November 29, 2022, notice does not purport to comply with A.R.S. § 11-622, citing only A.R.S. § 12-

---

[4] For similar reasons, this court need not (and expressly does not) address the competing arguments, based on *Falcone Bros. & Associates, Inc. v. City of Tucson*, 240 Ariz. 482, 488-89 ¶¶ 16-19 (App. 2016), about the propriety and applicability of the Code because it did not have a two-tier review process.

821.01. *See, e.g., Lewis R. Pyle Mem'l Hosp. v. Gila Cnty.*, 161 Ariz. 82, 84–85 (App. 1989) (citing *Tucson Med. Ctr. v. Apache Cnty.*, 140 Ariz. 476, 477 (App. 1984) ("A party making a claim against the county must allege compliance with the statutory claims procedure before his complaint states a cause of action or sets forth facts conferring subject matter jurisdiction on the court.").

**¶25**        The November 29, 2022, notice fails to specify each item, the date and the amount of each item claimed. The November 29, 2022, notice only stated that "KP Ventures submitted additional invoices, nos. 9587 and 9759 totaling $458,934.87." KP Ventures needed to specify when each claim occurred and the separate amount of each item. Because strict compliance is mandatory, *Martineau*, 207 Ariz. at 334 ¶ 10, none of KP Ventures purported notices of claim complied with A.R.S. § 11-622(A), *Pinal Cnty. v. Fuller*, 245 Ariz. 337, 340 ¶ 6 (App. 2018).[5] Accordingly, the superior court properly dismissed Counts 1 and 2 of KP Ventures' Amended Complaint.

## IV.    The Superior Court Did Not Consider Matters Outside of the Pleadings and Did Not Decide Issues of Disputed Fact.

**¶26**        KP Ventures argues that the superior court improperly considered the purported notices of claim, which were not attached to its Amended Complaint, meaning the motion to dismiss should have been converted to a motion for summary judgment as directed by Ariz. R. Civ. P. 12(d). Exceptions to the general rule that a motion to dismiss should be limited to the complaint and attachments, include "matters referenced in a complaint," *Coleman*, 230 Ariz. at 356 ¶ 9 (2012), and "matters that, although not appended to the complaint, are central to the complaint," *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partner, LLC*, 224 Ariz. 60, 64 ¶ 14 (App. 2010). The Amended Complaint listed by date the October 19, 2021, and the July 29, 2022, notices. And by addressing the need for a notice of claim, in paragraphs 13, 38 and 43 of the Amended Complaint, KP Ventures made the existence of all notice of claims central to the complaint, including the November 29, 2022, notice. Nor has KP Ventures argued or shown that the result would have been different had the court converted the Rule 12(b)(6) motion into a Rule 56 motion. Either a proper, timely notice of claim was provided, or it was not, and KP Ventures has not shown how discovery, or

---

[5] For these reasons, the court need not (and expressly does not) address Mohave County's arguments that KP Ventures failed to comply with the "sum certain" requirement of A.R.S. § 12-821.01.

an expanded record, would have altered the outcome based on its purported notices.[6]

## V. Count 3 Was Properly Dismissed.

**¶27** Count 3 of the Amended Complaint sought review under the Administrative Review Act (ARA). *See* A.R.S. §§ 12-901 to 914. On appeal, KP Ventures argues the "court erred in dismissing the alternative ARA claim." Count 3 was pled in the alternative, and the relief requested appears to seek compensation for the same invoices challenged in Counts 1 and 2. To the extent Count 3 was a repackaged version of Counts 1 and 2, that claim fails for the same reasons cited above.

**¶28** To the extent Count 3 sought review under the ARA, it failed to meet the applicable rules governing such challenges. *See* Judicial Review of Administrative Decisions Rule 4(c)(1) & (3) (appeal from final administrative order must "[i]nclude the caption of the case and the administrative agency case number" and "[d]esignate the final administrative decisions from which the party is appealing, including the date of that decision."). In footnote one of the Amended Complaint, KP Ventures conceded that there was no final administrative decision, stating "[t]here [was] no administrative case number, because . . . there was no administrative case." KP Ventures also correctly admitted that "Mohave County is not a state agency," adding that ARA statutes "expressly exclude political subdivisions such as Mohave County."

**¶29** KP Ventures cannot in their operative pleading concede that the ARA does not apply and then, on appeal, argue that the superior court erred in concluding that Count 3 was subject to the ARA. *Cf. Terry v. United Parcel Service, Inc.*, 253 Ariz. 55, 50 ¶ 24 (App. 2022) (noting, in a different context, that doctrine of judicial estoppel prevents a party from taking different factual positions at different times). Accordingly, KP Ventures has shown no error in the dismissal of Count 3.

## VI. Mohave County's Cross-Appeal.

**¶30** Mohave County argues that the superior court "erred in holding that KP Ventures complied with A.R.S. § 12-821.01." Given that Mohave County's A.R.S. § 12-821.01 argument was raised as an alternative ground to dismiss Count 1 and Count 2, it is not an aggrieved party. *See*

---

[6] Nor has KP Ventures shown how the superior court's passing reference that Mohave County acted in "good faith" was a basis (improper or otherwise) for its ruling.

ARCAP 1(d) (only a "party aggrieved by a judgment" may appeal, or cross-appeal); *In re Estate of Friedman*, 217 Ariz. 548, 551 ¶ 9 (App. 2008) ("A party is 'aggrieved' if the judgment 'denies that party some personal or property right or imposes on that party some substantial burden or obligation.'"). The judgment, including dismissing Counts 1 and 2, is wholly in Mohave County's favor. Because Mohave County was not an aggrieved party, it could not properly cross-appeal. Accordingly, the purported cross-appeal is dismissed.

## VII.    Attorneys' Fees.

**¶31**        Both parties request reasonable attorneys' fees on appeal under A.R.S. §12-341.01, which permits a discretionary award to the successful party in an action arising out of contract. Because KP Ventures is not the successful party, its request is denied. Mohave County is the successful party as to KP Ventures' appeal and is awarded its reasonable attorneys' fees and taxable costs incurred in that appeal, contingent upon compliance with ARCAP 21.

### CONCLUSION

**¶32**        The judgment is affirmed, and Mohave County's cross-appeal is dismissed.

