16 P.3d 211

John KOSMAN, Plaintiff–Appellant,

v.

STATE of Arizona; Arizona Department of Corrections; Terry L. Stewart; D. Torborg, C.O. III and Jane Doe Torborg, his wife; Lt. John Doe Bland and Jane Doe Bland, his wife; Willy Miley, C.O., III and Jane Doe Miley, his wife; Captain John Doe Rains and Jane Doe Rains, his wife; Warden John Orzell and Jane Orzell, his wife; John Doe Hoyt and Jane Doe Hoyt, his wife, Defendants–Appellees.

No. 1 CA–CV 99–0616.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 12, 2000.

Review Denied May 23, 2001.

Janet Napolitano, Attorney General By Bruce L. Skolnik, Assistant Attorney General, Tucson, Attorneys for Defendants–Appellees.

John Kosman, In Propria Persona, Mesa.

## OPINION

GERBER, Judge.

¶ 1 Plaintiff John Kosman ("Kosman") appeals from the trial court's grant of summary judgment and dismissal in favor of the state defendants (collectively "state"). For equitable estoppel considerations that follow, we reverse and remand to the trial court.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2 On July 7, 1997, Kosman, an inmate at the Tucson/Winchester Unit of the Arizona Department of Corrections ("ADOC"), allegedly injured his sciatic nerve when a plastic chair collapsed underneath him. He filed an inmate letter on July 9, 1997, a grievance on July 21, 1997, and grievance appeals on July 30, 1997 and September 4, 1997, all of which described his alleged injury, requested that the chairs be replaced and that he receive "some monetary compensation." On October 6, 1997, ADOC Director Terry Stewart denied the final grievance appeal.

¶ 3 On March 17, 1998, Kosman sent a notice of claim to the Arizona attorney general that described his accident, claimed a permanent injury to his sciatic nerve, and demanded $250,000. He sent this claim 253 days after the accident and 162 days after the final denial of his grievance by the ADOC.

¶ 4 Kosman subsequently filed a three-count suit in the Superior Court for relief under 42 U.S.C. § 1983 (1994), for negligence and violation of statutory duty under Arizona Revised Statutes Annotated ("A.R.S.") section 31–201.01 (1996). The trial court granted the state's motion to dismiss claims one and three and later granted the state's motion for summary judgment on count two, finding that Kosman's claim had not been filed within the 180–day period required in A.R.S. section 12–821.01(A) (Supp.1999).

## II. DISCUSSION

¶ 5 We determine *de novo* whether genuine issues of material fact preclude summary judgment and whether the trial court properly applied the law. *Gonzalez v. Satrustegui*, 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App.1993). We also review questions of statutory interpretation *de novo*. *Young v. City of Scottsdale*, 193 Ariz. 110, 112, 970 P.2d 942, 944 (App.1998). When reviewing a trial court's dismissal of a complaint, this court considers the facts alleged in the complaint to be true. *Arizona Mgmt. Corp. v. Kallof*, 142 Ariz. 64, 65, 688 P.2d 710, 711 (App.1984). Furthermore, since this is an appeal from summary judgment, this court must view the facts most favorably to the party against whom the judgment operates. *See Pioneer Annuity Life Ins. Co. v. Rich*, 179 Ariz. 462, 464, 880 P.2d 682, 684 (App. 1994).

¶ 6 The state argues that Kosman failed to file a notice of his claim with the attorney

general's office within 180 days of the date of his injury as required by A.R.S. section 12–821.01(A). Kosman contends that his notice of claim was timely filed because the tolling provision in A.R.S. section 12–821.01(C) delayed commencement of the 180–day period until after he had exhausted his final appeal within the ADOC's inmate grievance system, pursuant to ADOC Order: 802 Inmate Grievance System (March 3, 2000) ("ADOC Order 802").

¶ 7 Section 12–821.01(C) permits tolling of the 180–day notice requirement in 12–821.01(A) for "any claim which *must* be submitted to a . . . dispute resolution process or an administrative claims process . . . pursuant to a . . . governmental rule or regulation." (Emphasis added.) For these claims, "[t]he time in which to give notice of a potential claim and to sue on the claim shall run from the date on which a final decision or notice of disposition is issued in an . . . administrative claim or review process." *Id.* ADOC Order 802, promulgated by a state agency, is clearly a "governmental rule or regulation" within A.R.S. section 12–821.01(C). Thus, A.R.S. section 12–821.01(C) applies if Kosman was required to exhaust any remedies provided by ADOC Order 802 before seeking relief in the courts.

¶ 8 Under ADOC Order 802, the purpose of the inmate grievance process appears to be to "provide[ ] inmates with timely, administrative remedies to complaints which might otherwise unnecessarily burden the courts." ADOC Order 802 achieves this goal by providing that inmates "shall completely exhaust the internal grievance process as outlined in this . . . [o]rder prior to filing any complaint with any state board." *See* ADOC Order 802 at § 802.01 (1.1.4); § 802.05(1.1). The order states that inmates "may" use the ADOC grievance system for "[p]roperty, staff, visitation, mail, food service, institutional procedures, Department Written Instructions, program access, medical care, religion and conditions of confinement" issues. *Id.* at § 802.01 (1.1.1). The order also states that inmates "may not" use the grievance system for "classification, discipline issues, or any other system which has its own unique appeal process." *Id.* at § 802.01 (1.2.3).

ADOC Order 802 also provides that a final appeal, if denied by the director, exhausts the administrative remedies available within the inmate grievance system. *See id.* at § 802.09 (1.4.4) (standard grievances); § 802.10 (1.4.3) (emergency grievances); § 802.11 (1.3.5) (medical grievances); § 802.12 (1.2.4) (grievances regarding prison staff); § 802.13 (1.4.5) (grievances regarding written instructions).

¶ 9 We note, first, that none of the categories in the preceding paragraph clearly addresses tort claims. The term arguably closest to that concept appears to be "medical care," for which resort to the grievance system is permissive rather than mandatory. Further, nothing in ADOC Order 802 indicates that the legislature provided the ADOC with the independent authority to review, resolve, or compensate tort or injury claims, or to make recommendations to that effect, or that ADOC Order 802 was ever designed for such purposes. As a result, we conclude that Kosman's tort claim does not qualify as a claim that *must* be submitted to the ADOC's grievance system.

¶ 10 Nevertheless, Kosman may be entitled to tolling of the 180–day period under the common law doctrine of equitable tolling. *See Jepson v. New,* 164 Ariz. 265, 271, 792 P.2d 728, 734 (1990) (referring to criteria to be considered when determining if equitable tolling should apply). In *Stulce v. Salt River Project Agric. Improvement & Power Dist.,* this court held equitable tolling not available because "[n]o request for equitable tolling or allegation of excusable neglect was made in plaintiffs' trial court pleadings" and the plaintiffs were not " 'lulled' or 'misled' into an untimely filing by the actions of the defendant." 197 Ariz. 87, 95, 3 P.3d 1007, 1015 (App.1999).

¶ 11 Here, although Kosman never urged "excusable neglect" or "equitable tolling" in any of his pleadings, he did allege sufficient facts to create a material issue of fact whether his notice of claim was untimely filed because he was "excusably ignorant of the limitations period and the defendant would not be prejudiced by the late filing." *Id.* (quoting *Kyles v. Contractors/Engineers Supply, Inc.,* 190 Ariz. 403, 405, 949 P.2d 63,

65 (App.1997)); *see also Hosogai v. Kadota*, 145 Ariz. 227, 230, 700 P.2d at 1327, 1330 (1985) (finding that at common law, petitioner's undenominated arguments preserved doctrine for appeal).[1] Kosman argued in his response to the state's motion to dismiss that he had "complied with the spirit and express directive of [section] 12–821.01 by a) making [a] claim sufficient for prison officials to understand the basis upon which liability was claimed while incarcerated and b) by giving formal notice within 180 days after all procedures, processes or remedies had been exhausted."

### III.   CONCLUSION

¶ 12 Given these factual issues as to the reasonableness of Kosman's assumption that exhaustion via ADOC Order 802 was required and whether his neglect was excusable, we reverse the summary judgment and remand for findings on those issues. *See Pritchard v. State*, 163 Ariz. 427, 433, 788 P.2d 1178, 1184 (1990) (holding that notice of claim statute is procedural rather than jurisdictional and that disputed issues of fact regarding excusable neglect must be resolved by jury). Given this disposition, we need not address whether A.R.S. section 31–201.01 implies a private right of action.

CONCURRING: PHILIP E. TOCI, Presiding Judge, and E.G. NOYES, Jr., Judge.

---

1.   In *Jepson v. New*, the Arizona Supreme Court noted that the legislature enacted A.R.S. § 12–504 "in response to [the court's] call in *Hosogai v. Kadota*, 145 Ariz. 227, 700 P.2d 1327 (1985) to enact a general savings statute." 164 Ariz. 265, 271, 792 P.2d 728, 734 (1990). The court explained further that "*Hosogai* is instructive because it discusses the equitable tolling doctrine from which the savings statute evolved." *Id*. We cite to *Hosogai* here because of its instructive value.