191 P.3d 1025

Patrick Theodore HAAB, a single man, Plaintiff/Appellant,

v.

COUNTY OF MARICOPA, a political subdivision of the State of Arizona; Joseph M. Arpaio, individually and officially as Sheriff of Maricopa County; Deputy D. Hess, Badge No. S1535 in his official capacity with the Maricopa County Sheriff's Office, Defendants/Appellees.

No. 1 CA–CV 07–0562.

Court of Appeals of Arizona, Division 1, Department B.

June 5, 2008.

Cantor & Simon, PLLC, By Aaron D. Crane, Craig J. Simon, Tempe, Attorneys for Plaintiff/Appellant.

Burch & Cracchiolo, PA, By Daryl Manhart, Brian Kaven, Jessica Conaway, Phoenix, Attorneys for Defendants/Appellees.

Law Offices of Charles M. Brewer, Ltd., By David L. Abney, Phoenix, Attorney for Amicus Curiae Arizona Trial Lawyers Association.

## OPINION

JOHNSEN, Judge.

¶ 1 In this opinion we address whether a timely notice of claim pursuant to Arizona Revised Statutes ("A.R.S.") section 12–821.01 (2003) that alleges one set of wrongs by a public entity or employee provides notice, pursuant to the statute, of subsequent related but different wrongs by the same entity or employee. We hold that in such a situation, because the original claim does not describe the second set of alleged acts, it does not comply with the statute, and the claimant must amend his notice or file a new notice in order to preserve claims based on the second set of acts. Because the claimant in this case failed to amend or refile, we affirm the superior court's dismissal of his claims arising from the second set of acts.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Patrick Haab was returning to Phoenix from San Diego on April 10, 2005, when he stopped at a highway rest stop after 9 p.m. to let his dog out for a walk. Haab there encountered and detained at gunpoint seven men who appeared to him to be undocumented immigrants, who Haab later reported had come toward him in a threatening manner. After Haab called 911, the Sheriff's deputies who arrived arrested him on multiple counts of aggravated assault with a deadly weapon.

¶ 3 While in jail, Haab conducted a press conference in which he described himself as a sergeant in the U.S. Army Reserve who had served 11 months in Iraq. He related that his military training "took over" when he saw the men at the rest stop. He also said that he was taking medication for "combat stress." Haab was released after four days' incarceration and charges against him were dropped on April 28, 2005.

¶ 4 Through his counsel, Haab filed a notice of claim pursuant to A.R.S. § 12–821.01 dated July 19, 2005. The claim letter began, "This letter shall serve as notice pursuant to A.R.S. § 12–281.01 of a liability claim against [Maricopa County] for the wrongful arrest and incarceration of our client, Sgt. Patrick Haab." Three-and-a-half single-spaced pages long, the letter detailed the story of Haab's "citizen's arrest of seven men who, without warning, leaped out of the bushes at a rest stop along the highway and rushed threateningly towards him." According to the letter, as a consequence of his citizen's arrest of the men, Haab was "wrongfully arrested and accused of Aggravated Assault," then "wrongfully incarcerated in the Maricopa County jail for four days before being freed of the erroneous charges." Under a section titled "Theory of Liability," counsel argued that Haab's citizen's arrest was "valid and lawful" and that the County's arrest and incarceration of him was unlawful. In a section titled "Damages Sustained," counsel explained:

> Sgt. Patrick Haab, a man who served this country with distinction while in the United States Army, was wrongfully arrested for legally authorized conduct and was then forced to endure four nights in "America's Toughest Jail," the Maricopa County Jail, "where prisoners are never coddled." Sgt. Haab was tentatively set to deploy to Afghanistan on April 18, 2005, after re-enlisting in the Army. Because of this incident, Sgt. Haab's deployment did not take place. Furthermore, local and national news media latched onto the story and produced numerous articles disparaging Sgt. Haab's character and reputation.

Haab demanded $1,000,000 in damages from the County.

¶ 5 Apparently unbeknownst to Haab (at least according to our record), after the charges against him were dropped, the Sheriff's Office requested and received from the Army certain "sensitive medical and mental health information" about Haab. Then, after receipt of a public records request dated July 8, 2005, the Sheriff's Office disclosed to a reporter for *The Arizona Republic* newspaper the medical and mental health information it had received from the Army about Haab. The result was a front-page article on August 3, 2005, titled "Files refute reservist's Iraq story." The story recounted that after Haab's arrest, he had "described himself as an Iraq war veteran and used that status to generate financial support and sympathy from around the country." In fact, the article went on to say, "military records obtained ... by *The Arizona Republic* show that Haab never served in Iraq and indicate that he was on the verge of being removed from the military because he was paranoid, threatened to kill himself and pulled a knife in an altercation with fellow soldiers." [1]

¶ 6 The County did not respond to Haab's July 19 notice of claim, and, pursuant to A.R.S. § 12–821.01(E), the notice of claim was deemed denied after 60 days. On November 22, 2005, Haab filed a complaint against Maricopa County, Sheriff Joseph M. Arpaio, individually and in his official capaci-

---

1. The record does not reveal the date on which the County responded to the public records request by providing Haab's records to the newspaper. Witnesses surmised the disclosure occurred shortly prior to publication of the August 3 article.

ty, and Deputy D. Hess (collectively "County") alleging false imprisonment, intentional infliction of emotional distress, abuse of process, malicious prosecution and negligence. The false imprisonment and malicious prosecution claims arose out of Haab's arrest and subsequent incarceration. The remaining claims, however, were grounded at least in part on Haab's contention that the County wrongfully obtained and publicly disseminated "sensitive medical and mental health information" about him. Haab alleged the County "had no lawful or legitimate investigative purpose in obtaining from the U.S. Army and divulging to the media, sensitive mental health information regarding" him. He specifically alleged that by divulging the information to the media for publication, the County "intended to bring harm, embarrassment and humiliation" to him.

¶ 7 The County moved for summary judgment. It argued that it was entitled to judgment on Haab's claims for malicious prosecution and false arrest because deputies had probable cause to arrest Haab. The County also argued that negligent arrest or incarceration was not a recognized tort in Arizona and, with respect to Haab's claims for abuse of process and intentional infliction of emotional distress, it contended the acquisition and disclosure of Haab's military records did not involve judicial process and did not constitute outrageous conduct.

¶ 8 While the County's motion was pending, Haab filed an amended complaint in which he abandoned the false imprisonment and malicious prosecution claims. Although the amended complaint recited the story of Haab's encounter in the desert and subsequent arrest and incarceration, the charging allegations each related to the County's acquisition and disclosure of his Army records, not his arrest and incarceration.

¶ 9 In his response to the County's motion for summary judgment, submitted 10 days after he filed his amended complaint, Haab argued that the County's arguments regarding malicious prosecution, false arrest and negligent arrest or incarceration were moot because the amended complaint omitted those claims. Haab also raised substantive objections to the County's motion as it was directed to the release of his Army records.

¶ 10 In its reply in support of its motion for summary judgment, the County for the first time asserted that Haab's claims arising out of the acquisition and release of his Army records were barred because they had not been included in his July 19, 2005, notice of claim. The County argued that the notice of claim also was deficient because it had not included any facts to support the claimed $1,000,000 in damages.

¶ 11 By minute entry, the court set oral argument on the County's motion for summary judgment. When the appointed date and time arrived, Haab's counsel was not present in court, and the hearing began in his absence. When court staff contacted Haab's counsel by telephone, he joined the argument telephonically.

¶ 12 After taking the matter under advisement, the superior court granted the County's motion for summary judgment. It concluded that Haab's remaining claims were different than the false arrest claims described in his notice of claim and noted that Haab's notice of claim "was never amended to add claims related to wrongful seeking of his military record and release of his military records." In addition, the court also held that Haab's notice lacked facts to support "the amount necessary to settle the claim."

¶ 13 Haab timely appealed the judgment. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## DISCUSSION

### A. Standard of Review.

¶ 14 Summary judgment may be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c). We determine *de novo* whether any genuine issues of material fact exist and whether the trial court properly applied the law. *Eller Media Co. v. City of Tucson*, 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App.2000). We review the decision on the record made in the trial court. *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179

Ariz. 289, 292, 877 P.2d 1345, 1348 (App. 1994).

### B. The Notice–of–Claim Statute.

¶ 15 A person with a damages claim against a public entity must file a notice of that claim within 180 days after the cause of action accrues. A.R.S. § 12–821.01(A). The statute further specifies that:

> The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount.

A.R.S. § 12–821.01(A). The failure to file a notice of claim within 180 days after the cause of action accrues bars the claim. *Id.* A failure to comply is not excused by actual notice or substantial compliance. *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, ¶ 10, 144 P.3d 1254, 1256 (2006). The purpose of the notice-of-claim statute is to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 6, 152 P.3d 490, 492 (2007); *Crum v. Superior Court*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (App.1996).

### C. A Party Who Has Filed a Notice Pursuant to A.R.S. § 12–821.01 Must Amend the Notice or File a New Notice to Preserve Claims Not Included Within the Original Notice.

¶ 16 Haab's July 19 notice described claims arising from the County's alleged wrongful arrest and incarceration of him. It described the facts surrounding the events of April 10, 2005, and listed as damages that

Haab's deployment to Afghanistan had been cancelled and that he had become the subject of disparaging articles in the local and national media that recounted his citizen's arrest and subsequent incarceration. The notice asserted that the County was liable for arresting and incarcerating Haab because Haab had acted lawfully the evening of April 10.

¶ 17 The July 19 notice made no mention of Haab's subsequent allegations that the County had wrongfully released his military records to the press. Haab argues that the July 19 notice could not have mentioned that allegation because at the time he filed the notice, the County had not yet disclosed his medical records to the newspaper.[2] For the same reason, however, the July 19 notice of claim necessarily did not "contain facts sufficient to permit the [County] to understand the basis" of the claims arising out of the County's disclosure of those records. A.R.S. § 12–821.01(A). Because the notice did not include facts related to the release of Haab's records, the notice did not give the County the opportunity to investigate and assess its potential liability with respect to that conduct. Nor, for the same reason, did the notice provide the County with an opportunity to settle those claims before litigation.

¶ 18 Haab argues the superior court erred in concluding he was required to amend his notice of claim to include facts relating to the County's disclosure of his records. He contends that the statute does not provide for amending a notice of claim, and argues that once a notice is timely filed, subsequent wrongful acts by the public entity are "covered by" the original notice because, he asserts, once a notice has been received, the public entity has an obligation to investigate the claim. If the County had investigated his July 19 notice, he argues, it necessarily

---

2. For purposes of the notice-of-claim statute, "a cause of action accrues when the damaged party realizes he or she has been damaged ..." A.R.S. § 12–821.01(B). Although Haab alleges the County asked the Army for his records sometime in April, he presumably did not know of the County's request until August 3, at the earliest, when the story about him appeared in *The Arizona Republic*. The same presumably is true with respect to Haab's knowledge of the County's release of his Army records to the newspaper; although the record does not contain the date the County disclosed those records in response to the public records request, Haab learned about the release only on August 3, at the earliest. For that reason, we assume for purposes of this appeal that Haab's claims relating to the County's acquisition and release of his Army records arose after he filed his July 19 notice of claim.

would have discovered the alleged wrongful acquisition and release of his medical records.

¶ 19 Haab misunderstands the opportunity to investigate that a proper notice of claim affords a public entity. *See Deer Valley,* 214 Ariz. at 295, ¶ 6, 152 P.3d at 492. No authority of which we are aware holds that section 12–821.01 imposes on a public entity the duty to investigate acts by its agents with respect to the claimant that occur *subsequent* to the notice of claim. Nor does the law place the public entity on notice of any acts committed after the date of the notice it might discover if it investigates the facts stated in the notice of claim. As our supreme court has held, "[a]ctual notice," of the sort that would be gained by the public entity under the duty-to-investigate scenario Haab paints, is not sufficient. *See Falcon,* 213 Ariz. at 527, ¶ 10, 144 P.3d at 1256.

¶ 20 The statute plainly requires a claimant to set forth "facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." A.R.S. § 12–821.01(A). The public entity necessarily cannot understand from a notice of claim the basis of any liability that might be based on facts that are unstated in the notice because they occur after filing of the notice. And if the facts "upon which liability is claimed" do not appear in a notice filed within 180 days after the claim accrues, the notice is invalid and the claim is barred. *See Barth v. Cochise County,* 213 Ariz. 59, 63–64, ¶ 17, 138 P.3d 1186, 1190–91 (App. 2006) (notice that described some events giving rise to constructive discharge claim did not constitute proper notice pursuant to A.R.S. § 12–821.01 because discharge had not yet occurred).

¶ 21 *Graber v. City of Peoria,* 156 Ariz. 553, 753 P.2d 1209 (App.1988), on which Haab relies, is distinguishable. At issue in that case were nuisance allegations brought by homeowners who contended the city was responsible for sewage backups into their homes on several occasions. *Id.* at 554, 753 P.2d at 1210. The city argued that the homeowners could not introduce evidence at trial of backups that occurred after the date of the homeowners' notice of claim. *Id.* at 555–56, 753 P.2d at 1211–12. The court found that the filing of a new notice of claim was not required for each event "when the same continuing nuisance is the cause of the injuries, and when that continuing condition is the subject of a lawsuit pending with the court after initial compliance with the claims statute." *Id.* at 556, 753 P.2d at 1212.

¶ 22 In this case, however, the allegations pertaining to the County's disclosure of Haab's military records were not part of a continuing nuisance or condition described in the July 19 notice. Nor were the records-disclosure claims stated in the complaint merely different or additional theories of liability based on facts contained in his notice of claim. Instead, the claims that survived after Haab abandoned his false arrest and imprisonment claims were based on entirely different facts than the events described in the notice of claim.[3]

¶ 23 Haab argues his notice of claim encompassed the County's alleged wrongful disclosure of his Army records because the alleged wrongful arrest and false imprisonment that were set forth in the notice were the predicate for the later act. But for the wrongful arrest and incarceration, Haab argues, the County would not have obtained his Army records and would not have disclosed them to the newspaper. As Haab's counsel conceded at oral argument, however, under this reasoning, if Haab had fallen ill and received negligent medical treatment while in jail, he would not be required to file a notice pursuant to section 12–821.01 of a medical malpractice claim against the County because that claim would be encompassed by his notice of claim for wrongful arrest and false imprisonment.

¶ 24 We see no basis to construe section 12–821.01 in such a manner. In granting the County's motion for summary judgment, the superior court held that before suing the

---

3. Because we conclude the notice of claim was deficient because it did not include facts relating to Haab's claims concerning the County's release of his Army records, we do not address the superior court's alternative finding that the claim was deficient because it did not provide facts to support the $1,000,000 that Haab claimed in damages.

County for allegedly wrongfully disclosing his medical records, Haab was required to amend the notice of claim he had filed on July 19, 2005. If he chose not to amend his July 19 notice, he could have filed a new notice containing the facts relating to his new claims. But unless he provided the County with the notice required by A.R.S. § 12–821.01 within 180 days after those claims accrued, the claims were barred.[4]

### D. Due Process.

¶ 25 Haab lastly argues he was denied his right to procedural due process because he did not receive notice of the oral argument on the County's motion for summary judgment and because the court heard part of the County's argument without Haab's counsel being present. Haab's counsel participated in the oral argument by telephone and explained at the time that he was late because of "scheduling issues." Counsel contends that he discovered only later that he had not received notice of the argument. He failed, however, to advise the court that he had not received notice. Nor did Haab move for reconsideration on the basis that he did not have the opportunity to prepare or assert that the court's actions violated his due process rights. Having not presented these arguments to the superior court, Haab waives them on appeal. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 768 (App.2000) (even constitutional issues not raised in the trial court are not considered on appeal).

### CONCLUSION

¶ 26 We hold that Haab was required to provide notice to the County of the facts on which he based his claims relating to the alleged wrongful disclosure of his Army medical records. He could have provided the required notice by amending his July 19, 2005 notice or by filing a new notice. Because Haab's July 19 notice of claim per-

tained only to his alleged wrongful arrest and incarceration, it did not include facts to permit the County to evaluate Haab's claims based on the alleged wrongful dissemination of his medical records, nor did it give the County the opportunity to settle those claims prior to litigation. The notice of claim therefore did not satisfy the requirements of A.R.S. § 12–821.01. For these reasons, we affirm the judgment against Haab.

CONCURRING: DANIEL A. BARKER, Presiding Judge, and PATRICK IRVINE, Judge.

---

4. Haab argues that because the County did not seek the dismissal based on A.R.S. § 12–821.01 of the claims in his original complaint that arose out of the County's alleged wrongful disclosure of his medical records, but waited to assert the statute as a defense until after Haab had amended his complaint to abandon the wrongful arrest and false imprisonment claims, the County waived its argument under the statute. Because Haab failed to make that argument in the superior court, however, we do not address it here. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 768 (App.2000)