247 P.3d 1011

**Paul TURNER, Plaintiff/Appellant,**

v.

**CITY OF FLAGSTAFF, Defendant/Appellee.**

**No. 1 CA–CV 10–0172.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 22, 2011.

As Corrected March 3, 2011.

342

Pacific Legal Foundation By James S. Burling, Timothy Sandefur, pro hac vice, Joshua P. Thompson, pro hac vice, Sacramento, Attorneys for Appellant.

Gammage & Burnham, PLC By Cameron C. Artigue, Heather J. Boysel, Phoenix, Attorneys for Appellee.

## OPINION

JOHNSEN, Judge.

¶ 1 Paul Turner appeals from the dismissal of his suit under the Arizona Private Property Rights Protection Act for failure to file a proper pre-litigation notice of claim. We agree with the superior court that Turner's notice of claim was defective because it failed to identify the owner of the property at issue. We remand to allow the court to consider whether Turner may cure the notice by amending it.

## FACTS AND PROCEDURAL HISTORY

¶ 2 With certain exceptions not relevant here, the Arizona Private Property Rights Protection Act allows a private owner of real property to file an action seeking just compensation from a government that enacts a land-use law reducing the property's value.

1. Absent material revisions after the relevant date, we cite a statute's current version.

2. The City argues we lack jurisdiction over Turner's appeal because the judgment from which he appealed does not dispose of all claims by all parties and does not contain language pursuant to Arizona Rule of Civil Procedure 54(b), certifying the judgment as final. A final judgment,

Ariz.Rev.Stat. (A.R.S.) § 12–1134(A) (Supp. 2010).[1]

¶ 3 Turner filed this action in October 2007, alleging that Flagstaff City Ordinance No.2007–34 reduced the fair market value of property located at 528 West Aspen Avenue. Before filing the complaint, Turner's lawyer sent the City of Flagstaff a demand letter stating that Turner was the owner of the West Aspen property and that the ordinance "deprive[d] him of his property rights to a value estimated at $40,000.00."

¶ 4 The City moved to dismiss the complaint, arguing the true owner of the property had failed to file a notice of claim pursuant to A.R.S. §§ 12–821.01 (2003) and – 1134. The City attached to its motion a copy of a recorded deed showing that Aspen 528, L.L.C. owned the West Aspen property. The court granted the motion to dismiss, and Turner timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).[2]

## DISCUSSION

¶ 5 "We review an order granting a motion to dismiss for abuse of discretion." *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11, 130 P.3d 978, 980 (2006). We review de novo issues of statutory interpretation. *Green v. Garriott*, 221 Ariz. 404, 408, ¶ 9, 212 P.3d 96, 100 (App.2009).

¶ 6 Under A.R.S. § 12–1134(A), an "owner" of private real property is entitled to "just compensation" if a land-use law reduces "the existing rights to use, divide, sell or possess" the property and thereby reduces the "fair market value of the property." The "owner has a cause of action for just compensation" against the state or political subdivision that enacted the law if the law continues to apply to the property "more than ninety days after the owner of the property makes a written demand in a specific amount for just compensation." A.R.S. § 12–1134(E).

however, was entered after Turner filed his notice of appeal. *See Hill v. City of Phoenix*, 193 Ariz. 570, 574, ¶ 16, 975 P.2d 700, 704 (1999) (prior judgment lacking Rule 54(b) language that adjudicates some but not all claims becomes final upon entry of subsequent judgment that terminates all remaining claims).

"Owner" is defined as "the holder of fee title to the subject real property." A.R.S. § 12–1136(4) (Supp.2010).

¶ 7 We hold, and Turner does not dispute, that before a property owner may file suit pursuant to A.R.S. § 12–1134, he must file a notice of claim pursuant to A.R.S. § 12–821.01. That statute requires would-be litigants to file notice of a claim against a public entity or public employee within 180 days after the cause of action accrues, stating facts in support of the claim and a "specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12–821.01(A). Absent waiver, a cause of action for damages against a public entity or employee is barred if a notice of claim is not properly and timely filed; actual notice and substantial compliance do not excuse failure to comply with the statutory notice requirements. *Falcon ex rel. Sandoval v. Maricopa County,* 213 Ariz. 525, 527, ¶ 10, 144 P.3d 1254, 1256 (2006); *see City of Phoenix v. Fields,* 219 Ariz. 568, 574, ¶ 29, 201 P.3d 529, 535 (2009) (waiver).

¶ 8 Thus, a property owner wishing to sue for damages under A.R.S. § 12–1134 must satisfy two pre-suit claim requirements, one required by subpart E of § 12–1134 and the other required by the more general notice-of-claim statute, A.R.S. § 12–821.01. The parties assume that a claimant may comply with both requirements by filing a single notice that contains the information required by both provisions. Because we conclude the claim Turner filed in this case complied with neither claim requirement, we need not decide whether a single notice of claim may satisfy both requirements.[3]

¶ 9 Both notice provisions require filing of a claim by the one that has suffered the injury for which the claim is made. Under A.R.S. § 12–1134(A), "the owner" of real property "is entitled to just compensation" and under § 12–1134(E), "the owner has a cause of action for just compensation" if the land-use regulation "continues to apply" 90 days after "the owner of the property makes a written demand in a specific amount for just compensation." Likewise, A.R.S. § 12–821.01(A) requires notices of claim be filed by "[p]ersons who have claims against a public entity or a public employee." It further provides, "Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon." A.R.S. § 12–821.01(A).

¶ 10 Notwithstanding the assertion in his notice of claim, Turner does not dispute that the West Aspen property is owned by Aspen 528, L.L.C. Although Turner asserts he is the president and sole shareholder of Aspen 528, L.L.C., those facts do not save his notice of claim. His notice did not recite or imply that he was making the claim on behalf of the owner of the property; it stated instead that *he* was the owner of the property, that the City's ordinance had deprived *him* of property rights and that as a result, *he* was entitled to just compensation.

¶ 11 Our goal in interpreting a statute is to give effect to the intent of the legislature. *Mail Boxes, Etc., U.S.A. v. Indus. Comm'n,* 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). To determine that intent, we look first to the language of the statute because we presume the legislature says what it means. *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.,* 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994). If the statutory language is unambiguous, we must give effect to the language and we do not use other rules of statutory construction to interpret it. *Janson ex rel. Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). We are not free to ignore the clear language of a statute. *Deer Valley Unified Sch. Dist. No. 97 v. Houser,* 214 Ariz. 293, 299, ¶ 21, 152 P.3d 490, 496 (2007).

¶ 12 The statutory language at issue is unambiguous. A.R.S. § 12–1134(E) states that "the owner" has a cause of action under the statute provided "the owner" makes a written demand for a specific amount. Like-

---

**3.** *Compare* A.R.S. § 12–821.01(A) (requiring filing of notice of claim "within one hundred eighty *days after the cause of action accrues* ") (emphasis added) *with* A.R.S. § 12–1134(E) ("owner *has a cause of action* " "[i]f a land use law continues to apply to private real property *more than ninety days after the owner of the property makes a written demand* in a specific amount for just compensation") (emphases added).

wise, A.R.S. § 12–821.01 requires "persons" who have claims against a public entity or a public employee to file a notice of claim. The superior court granted the City's motion to dismiss because it found Turner's notice of claim failed because it was not filed on behalf of the true owner of the West Aspen property. We agree. A limited liability company is a separate legal entity that may own real property in its own name. *See* A.R.S. §§ 29–610(A)(2) (1998), –653(A) (1998); *Deutsche Credit Corp. v. Case Power & Equip. Co.*, 179 Ariz. 155, 160, 876 P.2d 1190, 1195 (App. 1994). Aspen 528, L.L.C., owns the property at issue; therefore, the statutes required that it, and not Turner, should have filed the notice or notices of claim.

¶ 13 Turner cites *Backus v. State*, 220 Ariz. 101, 203 P.3d 499 (2009), for the proposition that a notice of claim need not be scrupulously precise. That case, however, addresses the requirement in A.R.S. § 12–821.01(A) that a claimant state "facts supporting [the] amount" for which the claimant would settle. *Backus* concluded this language is unclear and equivocal and therefore open to interpretation in light of the legislative purpose of the statute. *See* 220 Ariz. at 105, ¶ 16, 203 P.3d at 503. The language at issue here is not open to interpretation. Sections 12–1134(E) and –821.01(A) respectively require the "owner" and "the person" having the claim to file the notice of claim. We cannot ignore that clear directive. *See Deer Valley*, 214 Ariz. at 299, ¶ 21, 152 P.3d at 496.

¶ 14 Turner argues his notice satisfied the purpose of the statutes because it gave the City sufficient notice of the nature and value of his claim. We do not accept the contention that because Turner's notice satisfied some of the statutes' requirements, it need not satisfy their requirement that the notice identify the claimant—in the words of the statutes, "the owner" or "the person" with the claim. Actual notice and substantial compliance do not excuse the failure to comply with a notice-of-claim requirement. *Falcon*, 213 Ariz. at 527, ¶ 10, 144 P.3d at 1256.

¶ 15 Finally, Turner argues the superior court erred by failing to permit him to amend his notice to show the correct ownership of the property. *See generally Haab v. County of Maricopa*, 219 Ariz. 9, 191 P.3d 1025 (App.2008) (discussing amendment to notice of claim filed pursuant to A.R.S. § 12–821.01). We see no reason why a claimant may not amend a notice of claim filed pursuant either to A.R.S. § 12–821.01 or A.R.S. § 12–1134 to cure a defect in the notice. But, at least when the defect concerns a matter known to the claimant, the amendment to a notice filed pursuant to § 12–821.01 must be made within 180 days "after the cause of action accrues." A.R.S. § 12–821.01(A); *see Haab*, 219 Ariz. at 14, ¶ 24, 191 P.3d at 1030.

¶ 16 The superior court did not rule on Turner's request for leave to amend the notice to name the proper owner of the claim. Accordingly, we remand for further consideration of that request.[4]

### CONCLUSION

¶ 17 The superior court correctly concluded that Turner's notice of claim failed to satisfy A.R.S. §§ 12–821.01 and –1134. We vacate the court's judgment, however, and remand to allow the court to consider Turner's request for leave to amend the notice of claim.

CONCURRING: MICHAEL L. BROWN, and JOHN C. GEMMILL, Judges.

---

4. Resolution of Turner's request for leave to amend the notice of claim may implicate the issue of when the cause of action accrued and the possible effect of the savings statute, A.R.S. § 12–504, neither of which is before us in this appeal. Also not before us is the relationship between the one-year limitations period that applies to "[a]ll actions against any public entity or public employee" pursuant to A.R.S. § 12–821 and the three-year limitations provision provided in A.R.S. § 12–1134(G) ("An action for just compensation based on diminution in value must be made or forever barred within three years of the effective date of the land use law, or of the first date the reduction of the existing rights to use, divide, sell or possess property applies to the owner's parcel, whichever is later.").