NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARICOPA COUNTY COMMUNITY COLLEGE DISTRICT, *Petitioner*,

*v.*

THE HONORABLE DAVID M. TALAMANTE, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

LILLIANA ARVIZU; DONANN DRYSDALE; HEATHER EHLY and
BRADLEY EHLY; JESSICA GOLDEN; MONICA GONZALEZ and
DAVID AMAYA; HAYDEN JOHNSON; MARIA JONES and ERNEST
LEE JONES, JR.; JENNIFER KOZLOWSKI; AMANDA MUELLER;
ELIZABETH NEIL-CARACCIOLO and DAVID M. CARACCIOLO;
KAREN NOLL; ASHLEY PHELPS PALMER and CODY PALMER; DOUG
POLLOCK and GINA POLLOCK; TRACHELLE SANFORD and JOSEPH
SANFORD; SUSAN SHEPHERD; CIJI SMITH and CHRISTOPHER
SMITH; and AMANDA WEBER, *Real Parties in Interest.*

No. 1 CA-SA 15-0039
FILED 3-19-2015

Petition for Special Action from the Superior Court in Maricopa County
No.  CV2012-093373
The Honorable David M. Talamante, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Udall Shumway, P.L.C., Mesa
By David R. Schwartz
*Counsel for Petitioner*

Richard G. Neuheisel, P.L.L.C., Tempe
By Richard G. Neuheisel
*Counsel for Real Parties in Interest*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

¶1        In May 2012, a group of former students ("Plaintiffs") and their spouses filed a complaint against the Maricopa County Community College District ("the District"), alleging numerous causes of action, including defamation.  After Plaintiffs' answers to interrogatories indicated they were relying for a portion of their defamation claim on statements made after they served their notice of claim and filed their complaint, the District filed a motion for partial summary judgment.  In part, the District argued that any portion of the overall defamation claim based upon those post-complaint statements was barred for failure to serve a notice of claim incorporating those independent statements.  The superior court granted much of the District's motion, but denied the portion of the motion related to statements attributed to the District in May and June 2012 news reports and blog postings that resulted from the filing of the complaint.  After the superior court denied the District's motion for reconsideration and ruled that Plaintiffs could amend their previous notice of claim to include statements of the District reported in the newspapers of May and June 2012, the District filed a petition for special action.  Because we agree with the District that Plaintiffs were required to serve a timely new or amended notice of claim for any new allegations of defamation, and the failure to do so was fatal to that portion of their defamation claim based on those post-complaint statements, we accept jurisdiction and grant relief.

2

**FACTS AND PROCEDURAL HISTORY**

**¶2**          Plaintiffs were a group of "Block 2" (second semester) nursing students at Chandler-Gilbert Community College during the spring semester in 2011. Plaintiffs completed their final examination on May 9, 2011, and final grades were posted on-line two days later. Nineteen Block 2 students (including the seventeen Plaintiffs) received a failing grade and an academic dishonesty checkmark, making them ineligible to proceed in the nursing program. The students e-mailed staff members, including their instructors, to determine the basis for the alleged academic dishonesty, and were advised to follow the instructional grievance process outlined in the College Catalog and Student Handbook. According to the students, each of them attempted to follow the process outlined by the college, including arranging an individual conference with the lead instructor, but the instructor cancelled all but one of the conferences and refused to answer any questions, and administrators at the college suspended the published instructional grievance process and switched to a different process under the Student Code of Conduct.

**¶3**          In June 2011, fifteen of the students served a notice of claim on the District and others. The students were ultimately advised (approximately three months after the grades came out) that they had received the failing grades because they had allegedly collaborated, and therefore cheated, on a five-point on-line quiz in April 2011, a few weeks before the final examination. The students claimed they believed the assignment allowed for group collaboration, and some of the students denied collaborating at all. After hearings in September and October 2011, a Student Conduct Board found the students "more likely than not" shared answers or collaborated and thus committed academic dishonesty, and a Student Conduct Appellate Board upheld the findings. The students served a supplemental notice of claim (adding the other two Plaintiffs) in November 2011. Meanwhile, Plaintiffs complained to the state's nursing board, which in March 2012 issued a letter of concern about the school's classroom and grievance practices and its curriculum. The college eventually held instructional grievance meetings with the students in February and March 2012. On March 9, 2012, Plaintiffs served a second amended notice of claim, and on March 23, 2012, they served a supplemental notice of claim, which included an allegation of ongoing and continuing wrongdoing against Plaintiffs. In April 2012, the college's President mailed out Final Determination letters, denying the students' appeals.

¶4 On May 10, 2012, Plaintiffs filed their complaint, alleging numerous causes of action, including defamation, and naming the District and others as defendants.[1] Soon thereafter, in May and June 2012, several news organizations reported about the filing of the complaint, and named and quoted several of the students, who gave interviews to news reporters. College officials refused to discuss the details of the lawsuit, although a spokesman for the District issued the following written statement: "The district believes the claim has no merit whatsoever, and we will defend the lawsuit vigorously." Blog postings (some purportedly by District personnel) followed the news stories. Plaintiffs filed a First Amended Complaint on June 5, 2012, and, in response to the court's order of a more definite complaint, filed Second and Third Amended Complaints in March and May 2013. None of the amended complaints specifically incorporated statements attributed to the District in the news reports and blog postings that occurred after the initial complaint. Answers by Plaintiffs to non-uniform interrogatories in late June 2014, however, indicated for the first time that Plaintiffs were relying in part on the May and June 2012 news reports and blog postings for their claim of defamation.

¶5 On August 26, 2014, the District filed a motion for partial summary judgment, seeking the dismissal of several independent defamation claims. As to the claim of defamation based on the May and June 2012 news reports and blog postings, the District argued that claim was barred based on the statute of limitations, failure to serve a notice of claim, and a lack of actual defamation. Plaintiffs responded in part that any time limits should be equitably tolled (ostensibly under the theory that there was no evidence the internal grievance procedures had ended),[2] and the defamations were continuing in nature. Although the superior court granted most of the District's summary judgment motion, it denied the motion with regard to statements attributed to the District in the May and June 2012 news reports and blog postings. The District filed a motion for

---

[1] Plaintiffs also sued seven District employees. The superior court dismissed with prejudice the claims against the individual defendants on May 17, 2013.

[2] The record indicates there were two applicable administrative appeal processes pursued by Plaintiffs: (1) the Student Conduct Code appellate process, which concluded when the Student Conduct Appellate Board issued its "final and binding" decision in February 2012, and (2) the Instructional Grievance Process, which, as Plaintiffs have acknowledged, terminated with the college president's Final Determination letters in April 2012.

reconsideration directed at Plaintiffs' failure to serve a notice of claim regarding the 2012 news reports and blog postings. The court denied the motion for reconsideration, and ruled that it would allow Plaintiffs to amend their notice of claim "to include the statement of the district reported in the newspapers of May and June 2012."

**ANALYSIS**

*I.     Jurisdiction*

**¶6**          Although this court rarely accepts special action jurisdiction to review the denial of a motion for summary judgment, *see, e.g., Piner v. Superior Court*, 192 Ariz. 182, 184, ¶ 8, 962 P.2d 909, 911 (1998), we accept jurisdiction in this case because the matter is one of public significance affecting a political subdivision of the state and involves an issue of law that is likely to arise again. *See Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 5, 152 P.3d 490, 492 (2007); *Vo v. Superior Court*, 172 Ariz. 195, 198, 836 P.2d 408, 411 (App. 1992); Ariz. Rev. Stat. ("A.R.S.") § 12-120.21(A)(4).[3]     Moreover, if the District is forced to conduct further discovery, go to trial, and appeal an erroneous ruling, the purpose of the notice of claims statute will be subverted. *See generally Flood Control Dist. of Maricopa Cnty. v. Gaines*, 202 Ariz. 248, 250, ¶ 2, 43 P.3d 196, 198 (App. 2002); Ariz. R.P. Spec. Act. 1(a).

*II.     The Merits*

**¶7**          The District argues the superior court committed legal error and failed to uphold the purpose of the notice of claims statute by allowing Plaintiffs to amend their pre-lawsuit notice(s) of claim to assert new, separate claims for defamation. According to the District, "[t]here is no dispute that the Students did <u>not</u> ever file a notice of claim with the District, as required by A.R.S. § 12-821.01(A), asserting such independent claim[s] for defamation and offering to settle it for a specific sum." We agree with the District that the portion of Plaintiffs' defamation claim based on statements made in the May and June 2012 news reports and blog postings is barred due to Plaintiffs' failure to file a timely new or amended notice of claim incorporating those statements.

**¶8**          Before a public entity can be properly sued for damages, a notice of claim that complies in all respects with A.R.S. § 12-821.01 must

---

[3]     We cite the current version of the statutes throughout this opinion because no changes material to our decision have occurred since the events giving rise to the complaint.

first be served. Under § 12-821.01(A), persons with a claim against a public entity or public employee must file that claim with a person authorized to accept service within 180 days after the cause of action accrues. The claim must "contain facts sufficient to permit the public entity or public employee to understand the basis on which liability is claimed," and provide "a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A); *see also Backus v. State*, 220 Ariz. 101, 106-07, ¶ 23, 203 P.3d 499, 504-05 (2009) (holding the claimant is required to supply those facts the claimant deems adequate to permit the public entity to evaluate the claim); *Deer Valley*, 214 Ariz. at 296, ¶ 9, 152 P.3d at 493 (requiring that a claimant "include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim").

**¶9** The requirements set forth in A.R.S. § 12-821.01 exist to "allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting." *Backus*, 220 Ariz. at 104, ¶ 10, 203 P.3d at 502 (quoting *Deer Valley*, 214 Ariz. at 295, ¶ 6, 152 P.3d at 492); *accord Falcon ex rel. Sandoval v. Maricopa Cnty.*, 213 Ariz. 525, 527, ¶ 9, 144 P.3d 1254, 1256 (2006) (quoting *Martineau v. Maricopa Cnty.*, 207 Ariz. 332, 335-36, ¶ 19, 86 P.3d 912, 915-16 (App. 2004)); *Yollin v. City of Glendale*, 219 Ariz. 24, 28-29, ¶ 11, 191 P.3d 1040, 1044-45 (App. 2008).

**¶10** Failure to comply with the statute is not excused by a defendant's actual notice or substantial compliance by a claimant. *Falcon*, 213 Ariz. at 527, ¶ 10, 144 P.3d at 1256; *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351, ¶ 25, 160 P.3d 223, 230 (App. 2007). Although a notice of claim may be amended or supplemented, the amended or supplemental notice must be served within 180 days when the facts are known to the claimant.[4] *See Turner v. City of Flagstaff*, 226 Ariz. 341, 344, ¶ 15, 247 P.3d 1011, 1014 (App. 2011), *abrogated on other grounds as recognized by Fields v. Oates*, 230 Ariz. 411, 415, ¶ 16, 286 P.3d 160, 164 (App. 2012).

**¶11** With regard to defamation, each alleged defamatory statement by a defendant constitutes a separate publication giving rise to a separate cause of action. *State v. Superior Court*, 186 Ariz. 294, 299, 921 P.2d 697, 702 (App. 1996) (citing Restatement (Second) of Torts § 577A(1) & cmt. a (1977)). Also, there is effectively no continuous cause of action for

---

4       Nothing in the record indicates Plaintiffs' defamation claim is subject to mandatory administrative review; accordingly, the tolling provisions of A.R.S. § 12-821.01(C) do not apply. *See Kosman v. State*, 199 Ariz. 184, 186, ¶¶ 7-9, 16 P.3d 211, 213 (App. 2000).

defamation recognized under Arizona law. *See Larue v. Brown*, 235 Ariz. 440, 445, ¶ 23, 333 P.3d 767, 772 (App. 2014) (applying the "single publication rule" and noting that, "in the case of Internet publications, the statute of limitations begins to run when the allegedly defamatory material is first made available to the public by posting it on a website").

**¶12**        Consequently, each statement attributed to the District in the May and June 2012 news reports and blog postings gave rise to an independent defamation claim, and the failure of Plaintiffs to file a separate notice of claim within 180 days of those statements is fatal to Plaintiffs' defamation claim as related to those statements.[5]  Further, unless the District and/or its agents have continued to reply to the blog posts or in some way substantially modified the allegedly defamatory comments within the past 180 days, Plaintiffs may not now file a notice of claim related to the posts and subsequent comments. *See Larue*, 235 Ariz. at 446, ¶¶ 27-30, 333 P.3d at 773.

**¶13**        If Plaintiffs wished to sue the District for alleged defamatory statements made in May and June 2012, they had to first serve a notice of claim and state a specific sum for which the District could settle that claim. They did not do so. Nothing prevented Plaintiffs from serving a timely new or amended notice of claim after their complaint in 2012 and then either filing a new complaint or seeking to amend their current complaint if the District denied their claim. Allowing Plaintiffs to amend their pre-lawsuit notice(s) of claim years after filing their complaint prevents the District from assessing that claim before the lawsuit and allows Plaintiffs to circumvent the purpose of the notice of claim statute. Accordingly, that portion of Plaintiffs' defamation claim related to the May and June 2012 news reports and blog postings must be summarily dismissed.

---

[5]        Plaintiffs do not contend they were unaware of the news reports or blog postings. Moreover, they have clearly been aware of the notice of claim statute from the outset of their case, as evidenced by the notice of claim, amended notice of claim, and two supplemental notices of claim they served, and nothing in the record indicates the District waived the notice requirement or led Plaintiffs to believe otherwise. Thus, equitable tolling cannot be applied in this case. *See Kosman*, 199 Ariz. at 186-87, ¶¶ 10-11, 16 P.3d at 213-14.

## CONCLUSION

**¶14** We accept jurisdiction and grant relief. The superior court is directed to grant the District's motion for partial summary judgment with respect to that portion of Plaintiffs' claim of defamation related to the May and June 2012 news reports and blog postings.



Ruth A. Willingham · Clerk of the Court
FILED : ama