**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENEE CECALA, | No. 07-16807 |
| Plaintiff - Appellant, | D.C. No. CV-04-02612-NVW |
| v. | |
| DAVID B NEWMAN, jointly and severally, in the individual and organizational capacity and COOPERMANN LEVITT WINIKOFF LESTER & NEWMAN, P.C., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 10, 2010[**]
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Renee Cecala appeals the district court's grant of summary judgment in favor of her former attorney and his law firm in her legal malpractice action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The district court did not err in granting summary judgment on Cecala's claim that counsel negligently omitted a retaliation claim from the arbitration. Even assuming that Cecala could have brought a retaliation claim, the undisputed facts establish no more than nominal damages. Absent other circumstances not present here (*e.g.*, a claim that Cecala hired Newman with the understanding that he would bring a retaliation claim no matter how much or little it was worth), her lawyer was not negligent for failing to bring a claim that would have yielded nominal damages. Nor can Cecala's lawyer be blamed for her refusal to mitigate her damages.

The district court also did not err in holding that the non-litigation malpractice claims were barred by the statute of limitations. The damages for the non-litigation claims were not contingent on the outcome of the arbitration and appeals. As a result, the claims were not deferred until the exhaustion of appeals. *See Cannon v. Hirsch Law Office, P.C.*, 213 P.3d 320, 323-25 (Ariz. Ct. App. 2009). Cecala waived her new equitable tolling and estoppel arguments by asserting them for the first time on appeal and not asserting all of the necessary

2

facts for those claims in the district court. *See Stulce v. Salt River Project Agric. Improvement & Power Dist.*, 3 P.3d 1007, 1015 (Ariz. Ct. App. 1999). Nor did the district court abuse its discretion by holding that the attorney misconduct giving rise to the claim could not toll the limitations period. The misconduct ended before the statute of limitations started to run.

AFFIRMED.